STAN S. MALLISON (Bar No. 184191)
 StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
 HectorM@TheMMLawFirm.com`
MARCO A. PALAU (Bar. No. 242340)
 MPalau@TheMMLawFirm.com
JOSEPH D. SUTTON (Bar No. 269951)
 JSutton@TheMMLawFirm.com
HILARY HAMMELL (Bar No. 291347)
 HHammell@TheMMLawFirm.com
ERIC S. TRABUCCO (Bar No. 295473)
 ETrabucco@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA GONSALES,<br><br>             Plaintiff,<br><br>       v.<br><br>ACOSTA, INC.,<br><br>             Defendants. | Case No.  17-cv-05767-VC<br><br>JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER |

The parties to the above-entitled action jointly submit this Joint Case Management Statement and Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011, and Civil Local Rule 16-9.

1. Jurisdiction & Service

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

Plaintiff filed this case in state court and defendants removed based on diversity jurisdiction. Plaintiff is unaware of any issues concerning personal jurisdiction or venue. All parties presently named in the complaint have been served.

Defendant asserts that Plaintiff is a party to an arbitration agreement, and she is obligated to pursue her claims in an arbitral forum.

Plaintiff does not concede that she is a party to an arbitration agreement or that there is an enforceable agreement to arbitrate. Further, she brings claims pursuant to the Private Attorneys General Act on behalf of herself, the State of California and other current or former employees. Under California Supreme Court authority, the PAGA claim is not subject to arbitration. *See Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal.4th 348, 359 (2014).

2. Facts

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Plaintiff was employed by defendants as a Space Technologist (ST). The work she performed as an ST revolved around merchandising-related services at supermarkets. Specifically, STs create and maintain shelf space schematics or planograms that arrange products on store shelves. Plaintiff alleges that defendants misclassified her and other STs as exempt employees, in violation of California law. As a result of the misclassification, plaintiff alleges that defendant failed to pay overtime and provide breaks, and she seeks to recover wages and penalties on behalf of herself, other current or former STs and the State of California, pursuant to the Private Attorneys General Act (PAGA).

Plaintiff believes that the principal factual dispute will revolve around whether STs fall under any of the classifications (administrative, executive or

Page **2** of **9**
JOINT CMC STATEMENT

professional) exempting them from the protections and standards contained in California Wage Orders. Plaintiff believes that they do not.

Defendant agrees that the primary factual issues revolve around the duties that Plaintiff performed, how she performed those duties, and how much time she spent on each of them. Defendant asserts that, regardless of her exempt status, Plaintiff always had the opportunity to take appropriate meal and rest periods, and, in fact, availed herself of those opportunities.

3. Legal Issues

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiff believes that the principle dispute of law is whether STs are misclassified under California law.

Defendant believes that there is a threshold legal issue regarding Plaintiff's obligation to arbitrate her claims rather than pursue them in court. Defendant agrees that a principle legal dispute entails whether Plaintiff was misclassified under California law. However, Defendant disputes that Plaintiff can pursue her claims on behalf of other STs because, among other reasons, she has not pleaded any class claims, she is subject to an arbitration agreement, other STs are subject to arbitration agreements, and other STs have signed releases of claims that might otherwise be encompassed by this lawsuit.

4. Motions

*All prior and pending motions, their current status, and any anticipated motions.*

There are no pending motions. Plaintiff anticipates filing motions in limine and possibly discovery motions and dispositive motions.

Defendant anticipates filing a motion to compel arbitration. If that is unsuccessful, Defendant anticipates filing a motion for summary judgment.

JOINT CMC STATEMENT

### 5. Amendment of Pleadings

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

  Plaintiff may seek to add additional defendants after conducting discovery, including under theory that such defendants caused the violations at issue pursuant to PAGA and Labor Code sections 558, 558.1 and 1197.1.

### 6. Evidence Preservation

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

  Plaintiff intends to seek data pertaining to herself and other STs in native, electronic form, including time and payroll data, calendar and schematics data, and other information.

  Defendant believes that such information is beyond the scope of permissible discovery and otherwise not proportional to the needs of the case insofar as Plaintiff has not pleaded class claims and is subject to an arbitration agreement. In addition, any other persons who might possibly be encompassed by this lawsuit have signed releases of their claims.

  The parties have reviewed the Guidelines Relating to the Discovery of ESI and have met and conferred regarding steps to preserve ESI.

### 7. Disclosures

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

  Plaintiff proposes to serve initial disclosures by January 31, 2018.

  Defendant proposes to serve initial disclosures within 14 days after the Court rules on a motion to compel arbitration and motion to stay the PAGA claims, which Defendant will file, if at all, within 30 days of the Case Management Conference.

8. <u>Discovery</u>

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

Plaintiff intends to propound a first set of written discovery designed to obtain information pertaining to defendants' written policies and practices governing the work of STs, time and payroll records of STs, and other information relating to STs. After obtaining core records, plaintiff intends to conduct depositions on the core issues surrounding misclassification.

Defendant believes discovery is premature and inappropriate until the threshold issue of whether this case should proceed in arbitration is resolved. If the case remains in court, Defendant anticipates serving written discovery aimed towards Plaintiff's individual claims and whether she is an "aggrieved employee," and taking Plaintiff's deposition.

9. <u>Class Actions</u>

*If a class action, a proposal for how and when the class will be certified.*

Plaintiff has not pleaded this action as a class action.

10. <u>Related Cases</u>

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

The parties are not aware of any related cases.

11. <u>Relief</u>

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiff seeks unpaid wages as penalties under Section 558 and 1197.1 of the Labor Code, and civil penalties on behalf of herself, other aggrieved employees and the state. Wages and penalties are to be calculated based on statute and

employee time and payroll records. The amount of damages and penalties cannot be calculated without time and payroll records.

Defendant disputes that Plaintiff can pursue penalties on behalf other people who held the same position as Plaintiff because many already have signed releases of the claims that might otherwise be encompassed by this lawsuit.

12. Settlement and ADR
*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

There have been no settlement discussions or ADR efforts to date. Plaintiff believes that the existence of any arbitration agreements would not affect the PAGA claim. As such, any settlement discussions must include PAGA penalties payable to the state and other workers. Further, any settlements reached with other aggrieved employees could not extinguish any liability for PAGA penalties.

Defendant believes that any settlement must be limited solely to Plaintiff. Defendant already has reached settlements with other people who held the same position as Plaintiff.

13. Consent to Magistrate Judge For All Purposes
*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.  ____ YES   ____ NO*

All parties do not consent to have a magistrate conduct all further proceedings.

14. Other References
*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

Plaintiff does not believe the case is suitable for reference to binding arbitration, a special master or the Judicial Panel.

JOINT CMC STATEMENT

Defendant believes the case should be referred to binding arbitration, but agrees the case is not suitable for reference to a special master or the JPML.

## 15. Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

If Plaintiff will not so stipulate, Defendant will move to compel arbitration of Plaintiff's individual claims, and request to stay the remainder of the action pending completion of the arbitration.

## 16. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

This is a representative PAGA action that cannot be handled under the Expedited Trial Procedure of General Order 64.

Defendant agrees that the case cannot be handled under the Expedited Trial Procedure of General Order 64.

## 17. Scheduling

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

Plaintiff proposes:

Expert Disclosures: March 1, 2019

Discovery Cutoff: April 1, 2019

Hearing of Dispositive Motions: April 2019

Pretrial Conference: May 2019

Trial:  June 2019

As noted above, Defendant believes this case should be compelled to arbitration, and the PAGA claims should be stayed pending completion of the arbitration and a determination whether Plaintiff is an "aggrieved employee." To the extent that the case is not compelled to arbitration and otherwise stayed, Defendant is agreeable to Plaintiff's proposed schedule.

18. <u>Trial</u>
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiff has demanded a jury and expects that the trial would lass at least 10 days. The PAGA claim will not be tried to a jury.

As noted, Defendant believes Plaintiff's claims should proceed in arbitration. Any PAGA claims that are not subject to arbitration should be tried to the Court. A trial of Plaintiff's individual claims should last no more than four days. Defendant agrees that, to the extent the case proceeds to trial encompassing claims of other individuals, it would last at least 20 days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Defendant has filed its Certificate of Interested Entities or Persons. *See* Dkt. #2.

20. <u>Professional Conduct</u>
*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

Counsel for the parties have reviewed the Guidelines for Professional Conduct for the Norther District of California.

21. <u>Other</u>

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

Dated:                                          /s/ Stan Mallison

                                                Counsel for plaintiff

Dated:                                          /s/ Michael Mandel

                                                Counsel for defendant

## <u>CASE MANAGEMENT ORDER</u>

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

                                    UNITED STATES DISTRICT/MAGISTRATE JUDGE