**McGuireWoods LLP**
Michael D. Mandel (SBN 216934)
  Email: mmandel@mcguirewoods.com
Sean M. Sullivan (SBN 286368)
  Email: ssullivan@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
Tel:   (310) 315-8200
Fax:   (310) 315-8210

Sylvia J. Kim, Esq. (SBN 258363)
  Email   skim@mcguirewoods.com
Two Embarcadero Center, Suite 1300
San Francisco, CA 94111
Telephone:  415.844.9944
Facsimile:  415.844.9922

Attorneys for Defendant
ACOSTA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA GONSALES, and on behalf of others similarly situated<br><br>    Plaintiff,<br><br>vs.<br><br>ACOSTA, INC., a corporation doing business as Acosta Sales & Marketing; and DOES ONE through TEN, inclusive,<br><br>    Defendants. | CASE NO. 3:17-cv-05767-VC<br><br>**DEFENDANT ACOSTA, INC.'S EVIDENTIARY OBJECTIONS TO DECLARATION OF ANA GONSALES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. #91-9]**<br><br>Date:  **January 24, 2019**<br>Time:  **10:00 a.m.**<br>Courtroom:  **4 – 17th Floor**<br>Judge:  **Hon. Vince Chhabria** |

# DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF ANA GONSALES [DKT. #]

| Declaration of Ana Gonsales | Objection | Ruling |
|---|---|---|
| **¶ 5:** It is my understanding that Acosta did not require any specific certification, license or training for the position ST, and this is reflected in Acosta's Position Description (Ex. 39 to Saca Deposition). | **Lack of personal knowledge / foundation.** FRE 601, 602, 901.<br><br>**Violates the Best Evidence Rule.** FRE 1002. | Sustained / Overruled |
| **¶ 8:** I never received special training to use any of these space management programs. I learned how to use all three on my own while on the job, just like I learned how to use Microsoft Office programs such as Word and Excel, or Adobe PDF. I believe proficiency with these programs requires basic computer knowledge and common sense. | **Inconsistent with Plaintiff's Deposition Testimony where she admitted that STs underwent training to learn how to utilize the software, that one had to "be very savvy for learning" to know how to use the software, and that the inability to do so successfully resulted in termination.** *See* Kim Decl., Exh. B (Plt. Depo.) at 222:14-24, 224:5-225:5, 254:7-12. *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."). | Sustained / Overruled |
| **¶ 9:** The ST's job is to arrange products on the computer in conformance with instructions from the Buyer, and sometimes the Buyer and manufacturer (or client). | **Improper mischaracterization and inconsistent with Plaintiff's Deposition Testimony where she admitted that she made critical recommendations to Acosta's customers based on her review and analysis of financial data that allowed them to make determinations as to which items to keep or discontinue.** Plaintiff | Sustained / Overruled |

| Declaration of Ana Gonsales | Objection | Ruling |
|---|---|---|
| | testified that she made these types of recommendations even when Acosta's clients' and customers' disagreed. Plaintiff also admitted that her schematics research and work was instrumental in bringing in new business and increasing sales revenue for Acosta and its clients, that she was responsible for helping grow Acosta's business through its relationships with its customers and clients, and that she continued to strive to achieve those objectives throughout her employment as an ST. *See* Acosta's Consolidated Opposition/Opening Brief at Section II.B. *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."). | |
| ¶ 10: Customers—typically large chain grocery stores—have Buyers (sometimes called Category Managers) give assignments to STs detailing how they want their shelves re-arranged, or in some cases created from scratch. | **Lack of personal knowledge / foundation.** FRE 601, 602, 901.<br><br>**Speculation.** The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered). | Sustained / Overruled |

| Declaration of Ana Gonsales | Objection | Ruling |
|---|---|---|
| ¶ 13: The Buyer would then review the test set and do a walk through. I and other STs were asked to take pictures of the test set to send to the customer and Acosta, as well as the manufacturer if it was involved in the project. I frequently used my cell phone to send pictures of test sets and noticed other STs also used their cell phones for this purpose. I understand that our cell phone numbers were given to Acosta Business Managers and to customers and clients of Acosta. I received work calls and text messages, including from superiors, and I was expected to use my cell phone for work. I have produced a lot of work text messages to Acosta in discovery and I am attaching to this declaration as Exhibit 1 true and correct copies of some of the text messages I've produced in this case showing that I used my cell phone for work. | **Lack of personal knowledge / foundation.** FRE 601, 602, 901.<br><br>**Irrelevant.** FRE 401-403. Declarant fails to attest that the events she describes allegedly occurred within the applicable statute of limitations period. | Sustained /<br><br>Overruled |
| ¶ 14: I understand this was the work process for all STs. | **Lack of personal knowledge / foundation.** FRE 601, 602, 901.<br><br>**Speculation.** The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based | Sustained /<br><br>Overruled |

| Declaration of Ana Gonsales | Objection | Ruling |
|---|---|---|
| | on speculation is irrelevant and should not be considered). | |
| **¶ 15:** I spent a large portion of my workday using Spaceman to update or create POGs. This work was done at the direction and under close supervision of Buyers and space management personnel of the customer, as well as space management supervisors and managers of Acosta. I followed specific instructions in developing POGs and made no significant decisions. | **Irrelevant.** FRE 401-403. Declarant fails to attest that the events she describes allegedly occurred within the applicable statute of limitations period.<br><br>**Inadmissible opinion testimony.** FRE 701-702.<br><br>**Improper mischaracterization.**<br><br>**Inconsistent with Plaintiff's Deposition Testimony** where she admitted that she made critical recommendations to Acosta's customers based on her review and analysis of financial data that allowed them to make determinations as to which items to keep or discontinue. Plaintiff testified that she made these types of recommendations even when Acosta's clients' and customers' disagreed. Plaintiff also admitted that her schematics research and work was instrumental in bringing in new business and increasing sales revenue for Acosta and its clients, that she was responsible for helping grow Acosta's business through its relationships with its customers and clients, and that she continued to strive to achieve those objectives throughout her employment as an ST. *See* Acosta's Consolidated Opposition/Opening Brief at Section II.B. *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its | Sustained / Overruled |

| **Declaration of Ana Gonsales** | **Objection** | **Ruling** |
|---|---|---|
| | case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."). | |
| ¶ 16: I did not supervise anyone, and no one reported to me. I did not create or implement any management policies, and I don't see that my work related directly to management policies. I also did not run the Acosta business, the customer's business (i.e., the grocery store) or the client's business (i.e., the manufacturers). None of my work determined the policies of any of the above businesses, or the business course that those businesses would follow. | **Irrelevant.** FRE 401-403. Declarant fails to attest that the events she describes allegedly occurred within the applicable statute of limitations period.<br><br>**Inadmissible opinion testimony.** FRE 701-702.<br><br>**Speculation.** The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).<br><br>**Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility). | Sustained / Overruled |
| ¶ 17: I performed mostly routine mental work in updating and creating POGs and | **Irrelevant.** FRE 401-403. Declarant fails to attest that the events she describes allegedly | Sustained / Overruled |

| Declaration of Ana Gonsales | Objection | Ruling |
|---|---|---|
| printing out reports for the decision-makers, and I performed manual work when I did test sets and visited stores. I did not make any decisions of significance. Everything had to be approved by the Buyer, the client or Acosta. Any decisions I made were minor and related to simple choices of where to put a product on the POG. Whether it remained in the chosen location was ultimately the decision of the Buyer, not mine. I was just following instructions, rules, guidelines and common sense. I understand that the work of other STs was the same. | occurred within the applicable statute of limitations period.<br><br>**Inadmissible opinion testimony.** FRE 701-702.<br><br>**Speculation.** The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).<br><br>**Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Lack of personal knowledge / foundation.** FRE 601, 602, 901 | |
| **¶ 18:** The ST's work comes down to common sense, knowledge of basic merchandising principles and knowing how to use space management software. However, none of this is complicated. It's all common sense. And the space | **Irrelevant.** FRE 401-403. Declarant fails to attest that the events she describes allegedly occurred within the applicable statute of limitations period.<br><br>**Inadmissible opinion testimony.** FRE 701-702.<br><br>**Speculation.** The declaration does not contain facts that substantiate the conclusions rendered by declarant, | Sustained / Overruled |

| Declaration of Ana Gonsales | Objection | Ruling |
|---|---|---|
| management programs are not difficult to learn. For example, I trained people to use Spaceman in a matter of weeks and taught myself how to use Spaceman, Apollo and IDA in a matter of weeks as well. | thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).<br><br>**Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Lack of personal knowledge / foundation.** FRE 601, 602, 901.<br><br>**Inconsistent with Plaintiff's Deposition Testimony where she admitted that STs underwent training to learn how to utilize the software, that one had to "be very savvy for learning" to know how to use the software, and that the inability to do so successfully resulted in termination.** *See* Kim Decl., Exh. B (Plt. Depo.) at 222:14-24, 224:5-225:5, 254:7-12. *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party | |

| Declaration of Ana Gonsales | Objection | Ruling |
|---|---|---|
|  | cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."). <br><br> **Also inconsistent with Plaintiff's Deposition Testimony where she admitted that she did receive training upon commencing her employment and that the reason she did not undergo extensive training on the space management software is because she had extensive prior experience and knowledge utilizing such software in her prior employment such that she "really don't need it."** See Kim Decl., Exh. B (Plt. Depo.) at 128:18-129:15. |  |
| **¶ 19:** I was never tasked with analyzing or drawing conclusions from any reports. My job was to print them in the format requested. So my work involved the technical aspect of importing, *entering*, exporting data and reports—things that involve routine mental work, but not much analysis of data at all. I understand that the work of the STs around me was the same. | **Irrelevant.** FRE 401-403. Declarant fails to attest that the events she describes allegedly occurred within the applicable statute of limitations period. <br><br> **Inadmissible opinion testimony.** FRE 701-702. <br><br> **Improper mischaracterization.** <br><br> **Inconsistent with Plaintiff's Deposition Testimony where she admitted that she made critical recommendations to Acosta's customers based on her review and analysis of financial data that allowed them to make determinations as to which items to keep or discontinue. Plaintiff testified that she made these types of recommendations even when Acosta's clients' and customers' disagreed. Plaintiff also admitted that her schematics research and work was instrumental in bringing in new business and increasing sales revenue for Acosta and its** | Sustained / Overruled |

111362082_1

8

**DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF ANA GONSALES [DKT. #91-9]**

| Declaration of Ana Gonsales | Objection | Ruling |
|---|---|---|
| | clients, that she was responsible for helping grow Acosta's business through its relationships with its customers and clients, and that she continued to strive to achieve those objectives throughout her employment as an ST. *See* Acosta's Consolidated Opposition/Opening Brief at Section II.B. *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.").<br><br>**Speculation.** The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).<br><br>**Lack of personal knowledge / foundation.** FRE 601, 602, 901 | |
| ¶ 21: I was supervised directly and closely by a variety of people, and I received assignments and direction from people other than my direct supervisors. On the Acosta side, I had a Senior ST and a | **Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, | Sustained / Overruled |

| **Declaration of Ana Gonsales** | **Objection** | **Ruling** |
|---|---|---|
| manager/director who supervised me closely. Then I had a supervisor employed by the customer who supervised my work closely. | 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility). | |
| ¶ 22: However, I also had to perform work remotely, and this remote work often took place outside of the schedule, like the weekends or evenings. | **Inconsistent with Plaintiff's Deposition Testimony where she admitted that no one at Acosta ever required her to work from home.** *See* Kim Decl., Exh. B (Plt. Depo.) at 386:1-3. **In fact, Plaintiff admitted that, in or about 2011, she and other STs were "expected to perform all of [their] work in the office."** *Id.* at 153:25-155:17. *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."). | Sustained / Overruled |
| ¶ 24: I was not relieved of all duty for timely, uninterrupted 30-minute meal periods, or off-duty rest periods of at least 10 minutes, so I routinely worked at least nine (9) hours each day Monday through Friday, and often more than nine hours. | **Irrelevant.** FRE 401-403. Declarant fails to attest that the events she describes allegedly occurred within the applicable statute of limitations period.<br><br>**Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of | Sustained / Overruled |

| Declaration of Ana Gonsales | Objection | Ruling |
|---|---|---|
| | declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Inconsistent with Plaintiff's Deposition Testimony where she admitted that no one at Acosta ever told Plaintiff that she could not take a meal or rest break, restricted her breaks to certain times, or instructed her to work through her breaks.** *See* Kim Decl., Exh. B (Plt. Depo.) at 358:18-24; 359:9-12; 359:23-360:4.<br><br>**Inconsistent with Plaintiff's Deposition Testimony where she admitted that she worked from 8:00 a.m. to 1:00 pm on May 11, 2016 and did not work at all on May 12 and 13, 2016.** *See* Kim Decl., Exh. B (Plt. Depo.) at 176:11-177:7. | |
| **¶ 25:** I don't remember Acosta ever mentioning the right of STs to receive statutory meal periods. In fact, the company had mandatory "lunch and learn" sessions where we would have working lunches. I also do not recall receiving uninterrupted, 30-minute meal periods within the first five hours of work. If it ever happened, it was sporadic and rare. | **Irrelevant.** FRE 401-403. Declarant fails to attest that the events she describes allegedly occurred within the applicable statute of limitations period.<br><br>**Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Inconsistent with Plaintiff's Deposition Testimony where she** | Sustained / Overruled |

| Declaration of Ana Gonsales | Objection | Ruling |
|---|---|---|
| | admitted that no one at Acosta ever told Plaintiff that she could not take a meal or rest break, restricted her breaks to certain times, or instructed her to work through her breaks. *See* Kim Decl., Exh. B (Plt. Depo.) at 358:18-24; 359:9-12; 359:23-360:4. | |
| ¶ 26: The same goes for rest breaks. I don't remember Acosta ever paying any attention to statutory rest breaks or mentioning the right of STs to receive them. I rarely, if ever, took a net 10-minute period to rest as a rest break. I was constantly pressured to complete work and discouraged from observing a schedule that included rest and meal periods. | **Irrelevant.** FRE 401-403. Declarant fails to attest that the events she describes allegedly occurred within the applicable statute of limitations period.<br><br>**Inadmissible legal conclusions.** *See, e.g.*, *Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Inconsistent with Plaintiff's Deposition Testimony where she admitted that no one at Acosta ever told Plaintiff that she could not take a meal or rest break, restricted her breaks to certain times, or instructed her to work through her breaks.** *See* Kim Decl., Exh. B (Plt. Depo.) at 358:18-24; 359:9-12; 359:23-360:4. | Sustained / Overruled |
| ¶ 27: In addition to my office schedule (8:00 am to 5:00 pm), I often put in hours from home in the evenings, nights and on | **Irrelevant.** FRE 401-403. Declarant fails to attest that the events she describes allegedly occurred within the applicable statute of limitations period. | Sustained / Overruled |

| Declaration of Ana Gonsales | Objection | Ruling |
|---|---|---|
| weekends in order to complete my work. I had to use my home internet to email POGs and sometimes I connected to Acosta's network via VPN. I was never reimbursed by Acosta for the internet charges I incurred while working from home. | **Inconsistent with Plaintiff's Deposition Testimony where she admitted that no one ever required her to work from home.** *See* Kim Decl., Exh. B (Plt. Depo.) at 381:22-382:9; 386:1-3. *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."). | |
| ¶ 28: Also, on the days I was assigned to install test sets or work onsite at the stores, I typically worked from 5:00 a.m. (or earlier) to 5:00 p.m. (or later). On those days I began my workday early in the morning loading product onto my vehicle and transporting it to the store. Sometimes I picked up product from one of my managers on the way to the store. I had to start very early in the day because I often had to be at the test store by 6:00 a.m., and sometimes earlier. | **Irrelevant.** FRE 401-403. Declarant fails to attest that the events she describes allegedly occurred within the applicable statute of limitations period. | Sustained / Overruled |
| ¶ 29: The day before the test set, I would often work beyond my usual 8:00 a.m. to 5:00 p.m. schedule to ensure that all the products necessary for the test set were | **Irrelevant.** FRE 401-403. Declarant fails to attest that the events she describes allegedly occurred within the applicable statute of limitations period. | Sustained / Overruled |

| Declaration of Ana Gonsales | Objection | Ruling |
|---|---|---|
| available. If the product was not already at the store, I would drive to Acosta's Pleasanton office or to other locations to pick up products. | | |
| ¶ 30: I was never paid overtime. I rarely received rest periods or meal periods, and never received premiums for denied rest and meal breaks. I also was not reimbursed for cell phone and internet expenses. Attached as Exhibit 1 to this declaration are true and correct copies of internet bills and cell phone billing texts which I paid. | **Irrelevant.** FRE 401-403. Declarant fails to attest that the events she describes allegedly occurred within the applicable statute of limitations period.<br><br>**Inadmissible legal conclusions.** *See, e.g.*, *Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Contradicted by Plaintiff's own proffered evidence.** Indeed, Plaintiff's production regarding her purported home Internet and cell phone bills consists of nothing more than a single email from Comcast confirming a monthly payment for the date of April 14, 2016 for an account under the name of Ana Gonsales, two text messages from AT&T stating that a bill for an unspecified service is ready and the amount thereof, as well as two emails from xfinity stating that a bill is ready and the amount of the bill but without any information identifying the accountholder's name, relevant dates for the bills, usage data or plan details. *See* Kim Decl., ¶ 10, Exh. H. Plaintiff has not produced | Sustained / Overruled |

| Declaration of Ana Gonsales | Objection | Ruling |
|---|---|---|
| | copies of any actual bills related to her use of her personal cell phone or home Internet. *See* Kim Decl., ¶ 10, Exh. H.<br><br>**Violates the Best Evidence Rule.** FRE 1002. | |
| **¶ 31:** I normally worked at least nine hours per day, so to the best of my recollection I worked one hour of overtime on 5/16/16, one hour on 5/17/16, and 1.5 hours on 5/18/16. I have reviewed my text messages from 5/18/16 and see that I was exchanging text messages with my supervisor at around 5:30 p.m. (*See* Ex. 2.) That day, as with most days, I did not take a timely, 30-minute, duty free meal period. In addition, I believe that I missed a rest period on 5/12/16, and one or more rest periods on 5/16/16, 5/17/16 and 5/18/16. Finally, I missed a meal period on 5/16/16, 5/17/16 and 5/18/16. | **Speculation.** The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered). | Sustained /<br><br>Overruled |
| **¶ 32:** I remember that, until I left Acosta, Mark Niemo, as we called him because his last name is extremely long and hard to spell (Niemantsverdriet), was an ST who worked alongside me. He did schematics like me. ~~I don't know why Acosta has excluded him from the PAGA pool~~. | **Lack of personal knowledge / foundation.** FRE 601, 602, 901.<br><br>**Inadmissible opinion testimony.** FRE 701-702.<br><br>**Speculation.** The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. | Sustained /<br><br>Overruled |

| Declaration of Ana Gonsales | Objection | Ruling |
|---|---|---|
|  | 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).<br><br>**Assumes facts that are either not true or lack sufficient evidentiary support.** |  |

DATED: January 3, 2019

**McGuireWoods LLP**

By:  /s/ Sylvia J. Kim
       Michael D. Mandel
       Sylvia J. Kim
       Sean M. Sullivan

Attorneys for Defendant ACOSTA, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 10, 2019, at San Francisco, California.

/s/ Sylvia J. Kim
Sylvia J. Kim
