**McGuireWoods LLP**
Michael D. Mandel (SBN 216934)
    Email: mmandel@mcguirewoods.com
Sean M. Sullivan (SBN 286368)
    Email: ssullivan@mcguirewoods.com
1800 Century Park East, 8th Floor
Los Angeles, CA 90067
Tel:    (310) 315-8200
Fax:    (310) 315-8210

Sylvia J. Kim, Esq. (SBN 258363)
    Email   skim@mcguirewoods.com
Two Embarcadero Center, Suite 1300
San Francisco, CA 94111
Telephone:  415.844.9944
Facsimile:  415.844.9922

Attorneys for Defendant
ACOSTA, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA GONSALES, and on behalf of others similarly situated<br><br>        Plaintiff,<br><br>   vs.<br><br>ACOSTA, INC., a corporation doing business as Acosta Sales & Marketing; and DOES ONE through TEN, inclusive,<br><br>        Defendants. | CASE NO. 3:17-cv-05767-VC<br><br>**DEFENDANT ACOSTA, INC.'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MARCO A. PALAU IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. #91-1]**<br><br>**Date:**        **January 24, 2019**<br>**Time:**        **10:00 a.m.**<br>**Courtroom:**  **4 – 17th Floor**<br>**Judge:**      **Hon. Vince Chhabria** |

**DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF**

**MARCO A. PALAU [DKT. #91-1]**

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| ¶ 5:  Plaintiff seeks summary judgment as to Acosta's 20th Affirmative Defense and her claim for civil penalties under the Private Attorneys General Act (PAGA), Cal. Labor Code §§ 2699 *et seq*.  The motion seeks PAGA penalties for violations committed against plaintiff and other STs, and the motion is primarily based on Acosta's own admissions, its policy documents, its discovery responses and payroll records. | **Violates Best Evidence Rule.** FRE 1002.<br><br>**Improper Mischaracterization.** | Sustained / Overruled |
| ¶ 16:  Attached to this declaration as Exhibit 11 is a true and correct copy of a Sample Planogram ("POG") as produced during discovery in this matter by Plaintiff and authenticated by Defendant's FRCP 30(b)(6) witness (Ex 9 to this declaration, 76:18-77:12). | **Inadmissible legal conclusions.** *See, e.g.*, *Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility). | Sustained / Overruled |
| ¶ 30:  Based on Ms. Gonsales' verified discovery responses (Exs. 15 to 17 to this declaration), her payroll records (Ex. 10 to this declaration), wage statements (Ex. 3 to | **Inadmissible legal conclusions.** *See, e.g.*, *Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); | Sustained / Overruled |

1

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| this declaration), and her declaration, Acosta's liability for PAGA penalties with respect to Ms. Gonsales is as follows:<br><br>• Acosta is liable for PAGA penalties with respect to Gonsales for four pay periods under Labor Code §§ 226.3, because Acosta violated the wage statements provisions of Labor Code § 226 by enforcing an electronic wage statement policy that denied Gonsales the option to elect receipt of paper wage statements (see Department of Labor Standards Enforcement Opinion Letter 2006.7.06, available at www.dir.ca.gov/dlse/opinions/2006-07-06.pdf), and because the wage statements failed to include the inclusive dates of the pay period, specifically the start of the pay period. The pay periods are for the following pay dates: 5/13/16, 5/27/16, 6/10/16 and 6/26/16. (Ex. 3 at ACOSTA000192-197, Ex. 13, and Ex. 24.) Acosta is liable for $1,000 in civil penalties under | *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility). | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| section 226.3 at the rate of $250 per wage statement.<br><br>• Acosta is additionally liable for civil penalties under Labor Code §§ 210, 1197.1, 2699(f) and 558 for the pay period ending 5/21/16. (Ex. 3 at ACOSTA000193.) During this pay period, Gonsales was not compensated for 3.5 hours of overtime-one hour on 5/16/16, one hour on 5/17/17, and 1.5 hours on 5/18/16. (Ex. 15 at 27-28; Ex. 8, 31, Ex. 16 at 20-30.) During this same period Acosta failed to pay four rest period premiums and three meal period premiums. (Ex. 15 at 29-31; Ex. 8, 31, Ex. 16 at 20-30.) Her wage statement demonstrates the nonpayment of these amounts. (Ex. 3 at ACOSTA000193.) Acosta is therefore liable for $350 in PAGA penalties under Labor Code §§ 210, 1197.1, 2699(f) and 558 for the pay period ending 5/21/16.<br><br>• Acosta is liable for wages as a PAGA penalty under Labor Code § 558 for four rest period premiums, | | |

3

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| three meal period premiums and 3.5 hours of overtime. At an hourly rate of $21, the amount of wages owed as a premium is $257.25, plus 10 percent simple interest for a total of $318.92.<br><br>• For failing to maintain record of daily hours worked Acosta is liable for $500 as a civil penalty pursuant to Labor Code § 1174.5.<br><br>• Finally, Acosta is liable for waiting time penalties under Labor Code §§ 256 and 1197.1 in the amount of $5,985. This amount is based on an average daily wage of $199.5 for nine hours of work (8 hours at $21 per hour and 1 hour at $31.5 per hour) times 30 days of waiting.<br><br>• Attached hereto as Exhibit 35 is a spreadsheet with the above calculations. | | |
| ¶ 31:  Acosta produced a list of 10 STs not including plaintiff or Mark Niemantsverdriet, an employee who worked alongside Ms. Gonsales doing the same or very similar work as she, according to Ms. Gonsales' declaration. Defense | **Improper mischaracterization.**<br><br>**Lack of personal knowledge / foundation.**  FRE 601, 602, 901.<br><br>**Inadmissible opinion testimony.** FRE 701-702.<br><br>**Speculation.**  The declaration does not contain facts that substantiate the conclusions rendered by declarant, | Sustained / Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| counsel stated in email correspondence that Mr. Niemantsverdriet did not work as an ST during the relevant time period, but as of the drafting of this declaration, counsel has failed to disclose what position Mr. Niemantsverdriet held and what work he performed. Acosta's 30(b)(6) witness, Richard Russell testified that Mr. Niemantsverdriet was an ST or Senior ST at the relevant time. (Ex. 9 to this Declaration, Russell 30(b)(6) Depo. At 163-168.) Because Acosta has withheld records of Mr. Niemantsverdriet, plaintiff is unable to present an analysis of any violations committed with respect to him. However, plaintiff reserves the right to do so at trial or as the Court may permit. | thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).<br><br>**Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles,* 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt,* 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.,* 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Assumes facts that are either not true or lack sufficient evidentiary support.** | |
| **¶ 32:** The list of STs produced by Acosta includes the following individuals:<br><br>• Joseph Z. Bihl<br>• Rodney Goodner<br>• Marge Hernandez<br>• Cap Higgs<br>• Gary L. Hilton<br>• Jamey Honeycutt<br>• Julie Law (Guape)<br>• Colleen Merrill | **Violates the Best Evidence Rule.** FRE 1002. | Sustained / Overruled |

5

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| • Bradley D. Spawton<br><br>• James Tenney | | |
| **¶ 33:** Acosta failed to produce any payroll records for Mark Niemantsverdriet. | **Improper mischaracterization.**<br><br>**Lack of personal knowledge / foundation.** FRE 601, 602, 901.<br><br>**Inadmissible opinion testimony.** FRE 701-702.<br><br>**Speculation.** The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).<br><br>**Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Assumes facts that are either not true or lack sufficient evidentiary support.** | Sustained /<br><br>Overruled |
| **¶ 35:** Acosta's production confirms that there is no record of reimbursing cell phones or internet costs incurred by STs in | **Improper mischaracterization.**<br><br>**Lack of personal knowledge / foundation.** FRE 601, 602, 901.<br><br>**Inadmissible opinion testimony.** | Sustained /<br><br>Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| carrying out their work. This is consistent with testimony from Acosta's 30(b)(6) designees who admitted that STs were not reimbursed for cell phone or internet expenses. (Ex. 1, 30(b)(6) Depo. at 107:14-112:9; Ex. 9, 30(b)(6) Depo. at 53-54.) | FRE 701-702.<br><br>**Speculation.** The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).<br><br>**Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility). | |
| **¶ 36:**  PAGA penalties for violations committed against the STs are calculated based on Acosta's Payroll History Reports and Wage Statements and summarized in Exhibit 36 hereto. The summary is taken from the calculations below with respect to each ST. | **Inadmissible opinion testimony.** FRE 701-702.<br><br>**Speculation.**  The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).<br><br>**Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions | Sustained /<br><br>Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility). | |
| **¶ 38:**  Mr. Bihl's wage statements do not include the start of the pay period. Mr. Bihl was paid an hourly rate of $23.32 through 3/11/17, and then $23.80. Mr. Bihl's Payroll History shows that for each workday he was compensated for eight (8) hours at his hourly rate, and each workweek he was compensated for 40 hours. His days off are indicated with a code, such as OSV, OSS, OSP, PH, and his wage statements also indicate vacation, paid holiday or other reason for time off. His compensation is always the same. For each two-week pay period Mr. Bihl is compensated for 80 hours at his hourly rate. His payroll records show no overtime compensation and no meal or rest premium pay. Based on his records, Acosta's deposition testimony and its policies establishing a daily, nine-hour work schedule, arguably with an untimely | **Inadmissible legal conclusions.** *See, e.g.*, *Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Contradicted by Plaintiff's Deposition Testimony where she admitted that she has *no personal knowledge* of the meal and rest break practices and working hours of other STs.** Kim Decl., Exh. B at 120:20-121:19, 360:5-363:9.  *See also Rope v. Auto–Chlor Sys. of Wash., Inc.*, 220 Cal.App.4th 635, 651 n. 7 (2013) ("PAGA requires that the representative plaintiff establish that the employer have committed the Labor Code violations for which recovery is sought against the aggrieved employees."); *Hibbs–Rines v. Seagate Technologies, LLC*, 2009 WL 513496, *4 (N.D. Cal.2009) ("[C]ivil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will have to prove Labor Code violations | Sustained / Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| meal break of 30 minutes, Acosta is liable for civil penalties in the following amounts:<br><br>• Labor Code § 226.3 for inaccurate wage statements (failing to include the start of the pay period; inaccurate total hours; failure to include rate of pay; failing to include overtime, rest and meal period premiums): $8,250 ($250 for each of the 33 wage statements during the relevant time period).<br><br>• Labor Code § 210 for failure to pay wages (overtime, rest and meal premiums) when due, i.e., each pay period: $6,500 ($100 for the first wage statement and $200 for the 32 subsequent wage statements within the relevant period)<br><br>• Labor Code § 1197.1 for violating the minimum wage by paying zero wages for hours in excess of eight (8) in a workday in a given pay period: $8,100 ($100 for the first pay period and $250 for 32 subsequent pay periods).<br><br>• Labor Code § 2699(f) for failing to reimburse expenses during a pay | with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA.”) (emphasis in original). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) (“[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.”) (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991) (“The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.”).<br><br>**Lack of personal knowledge / foundation.**  FRE 601, 602, 901.<br><br>**Inadmissible opinion testimony.** FRE 701-702.<br><br>**Speculation.**  The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible.  *See Slevin v. Home Depot,* 120 F.Supp.2d 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).<br><br>**Violates the Best Evidence Rule.** FRE 1002.<br><br>**Improper attempt to circumvent the Court’s page limits applicable to briefs.**<br><br>**Improper attempt to expand the scope of Plaintiff’s PAGA allegations beyond the facts and theories pled in the PAGA Notice** | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| period: $3,300 ($100 per each of the 33 pay periods that a reimbursement was not received).<br><br>• Labor Code § 558 for underpayment of wages during the pay period, including failure to pay overtime and rest and meal period premiums: $3,250 ($50 for the first wage statement and $100 each of the 32 wage statements thereafter).<br><br>• Labor Code § 1174.5 for failure to maintain payroll records showing the hours worked daily: $500.<br><br>• Labor Code § 558 wages (overtime, rest and meal period premiums) as a civil penalty: $21,758.54 (with 10 percent simple interest). This amount breaks down as follows:<br><br>  o Overtime: half an hour of overtime per workday at the overtime rate of time and one half. Mr. Bihl's Payroll History Report shows 281 workdays for a total of $4,974.45 in unpaid overtime.<br><br>  o Meal Period Premium: one premium per workday at Mr. | **and Complaint.** *Stoddart v. Express Servs., Inc.,* 2015 WL 5522142, *6 (E.D. Cal. Sept. 16, 2015); *Holak v. K Mart Corp.,* 2015 WL 2384895, *4 (E.D. Cal. May 19, 2015); *Archila v. KFC U.S. Properties, Inc.,* 420 F. App'x 667, 669 (9th Cir. 2011); *Pickern v. Pier 1 Imports (U.S.), Inc.,* 457 F.3d 963, 968-69 (9th Cir. 2006); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1292 (9th Cir. 2000).<br><br>**Assumes facts that are either not true or lack sufficient evidentiary support.**<br><br>**Improper attempt to recover penalties for which Plaintiff has failed to prove the underlying Labor Code violations and/or that are not recoverable as a matter of law.** *See* Acosta's Consolidated Opposition/Opening Brief, Section VII.<br><br>**Improper attempt to recover meal and rest break premiums pursuant to Cal. Lab. Code § 558, because such premiums are akin to liquidated damages and do not constitute "wages."** *See, e.g.,* Consolidated Opposition/Opening Brief at Section VII.D.<br><br>**Improper mischaracterization.** | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| Bihl's hourly rate for a total of $6,596.60 (i.e., 281 meal period premiums). <br><br> o  Rest Period Premium: one premium per workday at Mr. Bihl's hourly rate for a total of $6,596.60 (i.e., 281 rest period premiums). <br><br> o  Interest of 10%: $3,617.89. | | |
| **¶ 40:**  Mr. Goodner's wage statements do not include the start of the pay period. Mr. Goodner's hourly rate was $20 then $21, 29. Like the other STs, he was paid a fixed salary that covered only eight (8) hours per workday and 40 hours per workweek. Days off are indicated in payroll. In one wage statement, Mr. Goodner has a partial day deduction of four (4) hours for sick pay. (ACOSTA000540). Based on his records, Acosta's deposition testimony and its policies establishing a daily, nine-hour work schedule, arguably with an untimely meal break of 30 minutes, Acosta is liable for civil penalties in the following amounts: <br><br> •  Labor Code § 226.3 for inaccurate wage statements (failing to include the start of the pay period; | **Inadmissible legal conclusions.** *See, e.g.,* Lee v. City of Los Angeles, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility). <br><br> **Contradicted by Plaintiff's Deposition Testimony where she admitted that she has *no personal knowledge* of the meal and rest break practices and working hours of other STs.** Kim Decl., Ex. B at 120:20-121:19, 360:5-363:9.  *See also Rope v. Auto–Chlor Sys. of Wash., Inc.*, 220 Cal.App.4th 635, 651 n. 7 (2013) ("PAGA requires that the representative plaintiff establish that the employer have committed the Labor Code violations for which recovery is sought against the aggrieved employees."); *Hibbs–Rines v.* | Sustained / Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| inaccurate total hours; failure to include rate of pay; failing to include overtime, rest and meal period premiums): $8,250 ($250 for each of the 33 wage statements during the relevant time period).<br><br>• Labor Code § 210 for failure to pay wages (overtime, rest and meal premiums) when due, i.e., each pay period: $6,500 ($100 for the first wage statement and $200 for the 32 subsequent wage statements within the relevant period)<br><br>• Labor Code § 1197.1 for violating the minimum wage by paying zero wages for hours in excess of eight (8) in a workday in a given pay period: $8,100 ($100 for the first pay period and $250 for 32 subsequent pay periods).<br><br>• Labor Code § 2699(f) for failing to reimburse expenses during a pay period: $3,300 ($100 per each of the 33 pay periods that a reimbursement was not received).<br><br>• Labor Code § 558 for underpayment of wages during the | *Seagate Technologies, LLC*, 2009 WL 513496, *4 (N.D. Cal.2009) ("[C]ivil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA.") (emphasis in original). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.").<br><br>**Lack of personal knowledge / foundation.**  FRE 601, 602, 901.<br><br>**Inadmissible opinion testimony.** FRE 701-702.<br><br>**Speculation.**  The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible.  *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).<br><br>**Violates the Best Evidence Rule.** FRE 1002. | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| pay period, including failure to pay overtime and rest and meal period premiums: $3,250 ($50 for the first wage statement and $100 each of the 32 wage statements thereafter).<br><br>• Labor Code § 1174.5 for failure to maintain payroll records showing the hours worked daily: $500.<br><br>• Labor Code § 558 wages (overtime, rest and meal period premiums) as a civil penalty: $19,121.41 (with 10 percent simple interest). This amount breaks down as follows:<br><br>   ○ Overtime: half an hour of overtime per workday at the overtime rate of time and one half. Mr. Goodner's Payroll History Report shows 282 workdays for a total of $4,354.79 in unpaid overtime.<br><br>   ○ Meal Period Premium: one premium per workday at Mr. Goodner's hourly rate for a total of $5,806.39 (i.e., 282 meal period premiums).<br><br>   ○ Rest Period Premium: one premium per workday at Mr. | **Improper attempt to circumvent the Court's page limits applicable to briefs.**<br><br>**Improper attempt to expand the scope of Plaintiff's PAGA allegations beyond the facts and theories pled in the PAGA Notice and Complaint.** *Stoddart v. Express Servs., Inc.*, 2015 WL 5522142, \*6 (E.D. Cal. Sept. 16, 2015); *Holak v. K Mart Corp.*, 2015 WL 2384895, \*4 (E.D. Cal. May 19, 2015); *Archila v. KFC U.S. Properties, Inc.*, 420 F. App'x 667, 669 (9th Cir. 2011); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1292 (9th Cir. 2000).<br><br>**Assumes facts that are either not true or lack sufficient evidentiary support.**<br><br>**Improper attempt to recover penalties for which Plaintiff has failed to prove the underlying Labor Code violations and/or that are not recoverable as a matter of law.** *See* Acosta's Consolidated Opposition/Opening Brief, Section VII.<br><br>**Improper attempt to recover meal and rest break premiums pursuant to Cal. Lab. Code § 558, because such premiums are akin to liquidated damages and do not constitute "wages."** *See, e.g.,* Consolidated Opposition/Opening Brief at Section VII.D.<br><br>**Improper mischaracterization.** | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| Goodner's hourly rate for a total of $5,806.39 (i.e., 281 rest period premiums).<br><br>   o  Interest of 10%: $3,153.84. | | |
| **¶ 42:** Ms. Hernandez's wage statements do not include the start of the pay period. Like the other STs, she was paid a fixed salary that covered only eight (8) hours per workday and 40 hours per workweek. Days off are indicated in payroll. Based on Hernandez's payroll records, Acosta's deposition testimony and its policies establishing a daily, nine-hour work schedule, arguably with an untimely meal break of 30 minutes, Acosta is liable for civil penalties in the following amounts::<br><br>   •  Labor Code § 226.3 for inaccurate wage statements (failing to include the start of the pay period; inaccurate total hours; failure to include rate of pay; failing to include overtime, rest and meal period premiums): $7,750 ($250 for each of the 31 wage statements during the relevant time period).<br><br>   •  Labor Code § 210 for failure to pay wages (overtime, rest and meal | **Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Contradicted by Plaintiff's Deposition Testimony where she admitted that she has *no personal knowledge* of the meal and rest break practices and working hours of other STs.** Kim Decl., Exh. B at 120:20-121:19, 360:5-363:9. *See also Rope v. Auto–Chlor Sys. of Wash., Inc.*, 220 Cal.App.4th 635, 651 n. 7 (2013) ("PAGA requires that the representative plaintiff establish that the employer have committed the Labor Code violations for which recovery is sought against the aggrieved employees."); *Hibbs–Rines v. Seagate Technologies, LLC*, 2009 WL 513496, *4 (N.D. Cal.2009) ("[C]ivil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under | Sustained / Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| premiums) when due, i.e., each pay period: $6,100 ($100 for the first wage statement and $200 for the 30 subsequent wage statements within the relevant period)<br><br>• Labor Code § 1197.1 for violating the minimum wage by paying zero wages for hours in excess of eight (8) in a workday in a given pay period: $7,600 ($100 for the first pay period and $250 for 30 subsequent pay periods).<br><br>• Labor Code § 2699(f) for failing to reimburse expenses during a pay period: $3,100 ($100 per each of the 31 pay periods that a reimbursement was not received).<br><br>• Labor Code § 558 for underpayment of wages during the pay period, including failure to pay overtime and rest and meal period premiums: $3,050 ($50 for the first wage statement and $100 each of the 30 wage statements thereafter).<br><br>• Labor Code § 1174.5 for failure to maintain payroll records showing the hours worked daily: $500. | PAGA.") (emphasis in original). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.").<br><br>**Lack of personal knowledge / foundation.** FRE 601, 602, 901.<br><br>**Inadmissible opinion testimony.** FRE 701-702.<br><br>**Speculation.** The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot*, 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).<br><br>**Violates the Best Evidence Rule.** FRE 1002.<br><br>**Improper attempt to circumvent the Court's page limits applicable to briefs.**<br><br>**Improper attempt to expand the scope of Plaintiff's PAGA allegations beyond the facts and theories pled in the PAGA Notice and Complaint.** *Stoddart v. Express Servs., Inc.*, 2015 WL 5522142, *6 (E.D. Cal. Sept. 16, | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| • Labor Code § 558 wages (overtime, rest and meal period premiums) as a civil penalty: $19,199.76 (with 10 percent simple interest). This amount breaks down as follows:<br><br>○ Overtime: half an hour of overtime per workday at the overtime rate of time and one half. Ms. Hernandez's Payroll History Report shows 265 workdays for a total of $4,356.60 in unpaid overtime.<br><br>○ Meal Period Premium: one premium per workday at the hourly rate for a total of $5,808.80 (i.e., 265 meal period premiums).<br><br>○ Rest Period Premium: one premium per workday at Ms. Hernandez's hourly rate for a total of $5,808.80 (i.e., 265 rest period premiums).<br><br>○ Interest of 10%: $3,225.56. | 2015); *Holak v. K Mart Corp.*, 2015 WL 2384895, *4 (E.D. Cal. May 19, 2015); *Archila v. KFC U.S. Properties, Inc.*, 420 F. App'x 667, 669 (9th Cir. 2011); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000).<br><br>**Assumes facts that are either not true or lack sufficient evidentiary support.**<br><br>**Improper attempt to recover penalties for which Plaintiff has failed to prove the underlying Labor Code violations and/or that are not recoverable as a matter of law.** *See* Acosta's Consolidated Opposition/Opening Brief, Section VII.<br><br>**Improper attempt to recover meal and rest break premiums pursuant to Cal. Lab. Code § 558, because such premiums are akin to liquidated damages and do not constitute "wages."** *See, e.g.*, Consolidated Opposition/Opening Brief at Section VII.D.<br><br>**Improper mischaracterization.** | |
| **¶ 44:** Mr. Higgs's wage statements do not include the start of the pay period. Like the other STs, he was paid a fixed salary that covered only eight (8) hours per workday | **Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 | Sustained / Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| and 40 hours per workweek. Days off are indicated in payroll. Based on his records, Acosta's deposition testimony and its policies establishing a daily, nine-hour work schedule, arguably with an untimely meal break of 30 minutes, Acosta is liable for civil penalties in the following amounts:<br><br>• Labor Code § 226.3 for inaccurate wage statements (failing to include the start of the pay period; inaccurate total hours; failure to include rate of pay; failing to include overtime, rest and meal period premiums): $8,250 ($250 for each of the 33 wage statements during the relevant time period).<br><br>• Labor Code § 210 for failure to pay wages (overtime, rest and meal premiums) when due, i.e., each pay period: $6,500 ($100 for the first wage statement and $200 for the 32 subsequent wage statements within the relevant period)<br><br>• Labor Code § 1197.1 for violating the minimum wage by paying zero wages for hours in excess of eight (8) in a workday in a given pay | (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Contradicted by Plaintiff's Deposition Testimony where she admitted that she has *no personal knowledge* of the meal and rest break practices and working hours of other STs.** Kim Decl., Exh. B at 120:20-121:19, 360:5-363:9.  *See also Rope v. Auto–Chlor Sys. of Wash., Inc.*, 220 Cal.App.4th 635, 651 n. 7 (2013) ("PAGA requires that the representative plaintiff establish that the employer have committed the Labor Code violations for which recovery is sought against the aggrieved employees."); *Hibbs–Rines v. Seagate Technologies, LLC*, 2009 WL 513496, *4 (N.D. Cal.2009) ("[C]ivil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA.") (emphasis in original). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| period: $8,100 ($100 for the first pay period and $250 for 32 subsequent pay periods).<br><br>• Labor Code § 2699(f) for failing to reimburse expenses during a pay period: $3,300 ($100 per each of the 33 pay periods that a reimbursement was not received).<br><br>• Labor Code § 558 for underpayment of wages during the pay period, including failure to pay overtime and rest and meal period premiums: $3,250 ($50 for the first wage statement and $100 each of the 32 wage statements thereafter).<br><br>• Labor Code § 1174.5 for failure to maintain payroll records showing the hours worked daily: $500.<br><br>• Labor Code § 558 wages (overtime, rest and meal period premiums) as a civil penalty: $22,867.01 (with 10 percent simple interest). This amount breaks down as follows:<br><br>  ○ Overtime: half an hour of overtime per workday at the overtime rate of time and one half. Mr. Higgs's Payroll | contradicting his prior deposition testimony.").<br><br>**Lack of personal knowledge / foundation.**  FRE 601, 602, 901.<br><br>**Inadmissible opinion testimony.** FRE 701-702.<br><br>**Speculation.**  The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible.  *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).<br><br>**Violates the Best Evidence Rule.** FRE 1002.<br><br>**Improper attempt to circumvent the Court's page limits applicable to briefs.**<br><br>**Improper attempt to expand the scope of Plaintiff's PAGA allegations beyond the facts and theories pled in the PAGA Notice and Complaint.**  *Stoddart v. Express Servs., Inc.,* 2015 WL 5522142, *6 (E.D. Cal. Sept. 16, 2015); *Holak v. K Mart Corp.,* 2015 WL 2384895, *4 (E.D. Cal. May 19, 2015); *Archila v. KFC U.S. Properties, Inc.,* 420 F. App'x 667, 669 (9th Cir. 2011); *Pickern v. Pier 1 Imports (U.S.), Inc.,* 457 F.3d 963, 968-69 (9th Cir. 2006); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1292 (9th Cir. 2000).<br><br>**Assumes facts that are either not true or lack sufficient evidentiary support.** | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| History Report shows 283 workdays for a total of $5,204.37 in unpaid overtime.<br><br>   o  Meal Period Premium: one premium per workday at Mr. Higgs's hourly rate for a total of $6,939.16 (i.e., 283 meal period premiums).<br><br>   o  Rest Period Premium: one premium per workday at Mr. Higgs's hourly rate for a total of $6,939.16 (i.e., 283 rest period premiums).<br><br>   o  Interest of 10%: $3,784.32. | **Improper attempt to recover penalties for which Plaintiff has failed to prove the underlying Labor Code violations and/or that are not recoverable as a matter of law.** *See* Acosta's Consolidated Opposition/Opening Brief, Section VII.<br><br>**Improper attempt to recover meal and rest break premiums pursuant to Cal. Lab. Code § 558, because such premiums are akin to liquidated damages and do not constitute "wages."** *See, e.g.,* Consolidated Opposition/Opening Brief at Section VII.D.<br><br>**Improper mischaracterization.** | |
| **¶ 46:**  Mr. Hilton's wage statements do not include the start of the pay period. Like the other STs, he was paid a fixed salary that covered only eight (8) hours per workday and 40 hours per workweek. Days off are indicated in payroll. Based on his records, Acosta's deposition testimony and its policies establishing a daily, nine-hour work schedule, arguably with an untimely meal break of 30 minutes, Acosta is liable for civil penalties in the following amounts:<br><br>   •  Labor Code § 226.3 for inaccurate wage statements (failing to include | **Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Contradicted by Plaintiff's Deposition Testimony where she admitted that she has *no personal knowledge* of the meal and rest break practices and working hours of other STs.** Kim Decl., Exh. B at 120:20-121:19, 360:5- | Sustained / Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| the start of the pay period; inaccurate total hours; failure to include rate of pay; failing to include overtime, rest and meal period premiums): $8,250 ($250 for each of the 33 wage statements during the relevant time period).<br><br>• Labor Code § 210 for failure to pay wages (overtime, rest and meal premiums) when due, i.e., each pay period: $6,500 ($100 for the first wage statement and $200 for the 32 subsequent wage statements within the relevant period)<br><br>• Labor Code § 1197.1 for violating the minimum wage by paying zero wages for hours in excess of eight (8) in a workday in a given pay period: $8,100 ($100 for the first pay period and $250 for 32 subsequent pay periods).<br><br>• Labor Code § 2699(f) for failing to reimburse expenses during a pay period: $3,300 ($100 per each of the 33 pay periods that a reimbursement was not received). | 363:9.  *See also Rope v. Auto–Chlor Sys. of Wash., Inc.*, 220 Cal.App.4th 635, 651 n. 7 (2013) ("PAGA requires that the representative plaintiff establish that the employer have committed the Labor Code violations for which recovery is sought against the aggrieved employees."); *Hibbs–Rines v. Seagate Technologies, LLC*, 2009 WL 513496, *4 (N.D. Cal.2009) ("[C]ivil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA.") (emphasis in original). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.").<br><br>**Lack of personal knowledge / foundation.**  FRE 601, 602, 901.<br><br>**Inadmissible opinion testimony.** FRE 701-702.<br><br>**Speculation.**  The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| <ul><li>Labor Code § 558 for underpayment of wages during the pay period, including failure to pay overtime and rest and meal period premiums: $3,250 ($50 for the first wage statement and $100 each of the 32 wage statements thereafter).</li><li>Labor Code § 1174.5 for failure to maintain payroll records showing the hours worked daily: $500.</li><li>Labor Code § 558 wages (overtime, rest and meal period premiums) as a civil penalty: $18,099.49 (with 10 percent simple interest). This amount breaks down as follows:<ul><li>Overtime: half an hour of overtime per workday at the overtime rate of time and one half. Mr. Hilton's Payroll History Report shows 268 workdays for a total of $4,115.25 in unpaid overtime.</li><li>Meal Period Premium: one premium per workday at Mr. Higgs's hourly rate for a total of $5,487 (i.e., 265 meal period premiums).</li></ul></li></ul> | 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).<br><br>**Violates the Best Evidence Rule.** FRE 1002.<br><br>**Improper attempt to circumvent the Court's page limits applicable to briefs.**<br><br>**Improper attempt to expand the scope of Plaintiff's PAGA allegations beyond the facts and theories pled in the PAGA Notice and Complaint.** *Stoddart v. Express Servs., Inc.*, 2015 WL 5522142, *6 (E.D. Cal. Sept. 16, 2015); *Holak v. K Mart Corp.*, 2015 WL 2384895, *4 (E.D. Cal. May 19, 2015); *Archila v. KFC U.S. Properties, Inc.*, 420 F. App'x 667, 669 (9th Cir. 2011); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1292 (9th Cir. 2000).<br><br>**Assumes facts that are either not true or lack sufficient evidentiary support.**<br><br>**Improper attempt to recover penalties for which Plaintiff has failed to prove the underlying Labor Code violations and/or that are not recoverable as a matter of law.** *See* Acosta's Consolidated Opposition/Opening Brief, Section VII.<br><br>**Improper attempt to recover meal and rest break premiums pursuant to Cal. Lab. Code § 558, because such premiums are akin to liquidated damages and do not constitute "wages."** *See, e.g.,* | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
|    o  Rest Period Premium: one premium per workday at Mr. Higgs's hourly rate for a total of $5,487 (i.e., 265 rest period premiums).<br><br>   o  Interest of 10%: $3,010.24 | Consolidated Opposition/Opening Brief at Section VII.D.<br><br>**Improper mischaracterization.** | |
| **¶ 48:** Mr. Honeycutt's wage statements do not include the start of the pay period. Like the other STs, he was paid a fixed salary that covered only eight (8) hours per workday and 40 hours per workweek. Days off are indicated in payroll. Based on his records, Acosta's deposition testimony and its policies establishing a daily, nine-hour work schedule, arguably with an untimely meal break of 30 minutes, Acosta is liable for civil penalties in the following amounts:<br><br>   •  Labor Code § 226.3 for inaccurate wage statements (failing to include the start of the pay period; inaccurate total hours; failure to include rate of pay; failing to include overtime, rest and meal period premiums): $8,250 ($250 for each of the 33 wage statements during the relevant time period). | **Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Contradicted by Plaintiff's Deposition Testimony where she admitted that she has *no personal knowledge* of the meal and rest break practices and working hours of other STs.** Kim Decl., Exh. B at 120:20-121:19, 360:5-363:9. *See also Rope v. Auto–Chlor Sys. of Wash., Inc.*, 220 Cal.App.4th 635, 651 n. 7 (2013) ("PAGA requires that the representative plaintiff establish that the employer have committed the Labor Code violations for which recovery is sought against the aggrieved employees."); *Hibbs–Rines v. Seagate Technologies, LLC*, 2009 WL 513496, *4 (N.D. Cal.2009) ("[C]ivil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will | Sustained / Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| • Labor Code § 210 for failure to pay wages (overtime, rest and meal premiums) when due, i.e., each pay period: $6,500 ($100 for the first wage statement and $200 for the 32 subsequent wage statements within the relevant period)<br><br>• Labor Code § 1197.1 for violating the minimum wage by paying zero wages for hours in excess of eight (8) in a workday in a given pay period: $8,100 ($100 for the first pay period and $250 for 32 subsequent pay periods).<br><br>• Labor Code § 2699(f) for failing to reimburse expenses during a pay period: $3,300 ($100 per each of the 33 pay periods that a reimbursement was not received).<br><br>• Labor Code § 558 for underpayment of wages during the pay period, including failure to pay overtime and rest and meal period premiums: $3,250 ($50 for the first wage statement and $100 each of the 32 wage statements thereafter). | have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA.") (emphasis in original). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.").<br><br>**Lack of personal knowledge / foundation.** FRE 601, 602, 901.<br><br>**Inadmissible opinion testimony.** FRE 701-702.<br><br>**Speculation.** The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot*, 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).<br><br>**Violates the Best Evidence Rule.** FRE 1002.<br><br>**Improper attempt to circumvent the Court's page limits applicable to briefs.**<br><br>**Improper attempt to expand the scope of Plaintiff's PAGA allegations beyond the facts and** | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| • Labor Code § 1174.5 for failure to maintain payroll records showing the hours worked daily: $500.<br><br>• Labor Code § 558 wages (overtime, rest and meal period premiums) as a civil penalty: $20,378.01 (with 10 percent simple interest). This amount breaks down as follows:<br><br>   o Overtime: half an hour of overtime per workday at the overtime rate of time and one half. Mr. Honeycutt's Payroll History Report shows 282 workdays for a total of $4,636.08 in unpaid overtime.<br><br>   o Meal Period Premium: one premium per workday at Mr. Honeycutt's hourly rate for a total of $6,181.44 (i.e., 282 meal period premiums).<br><br>   o Rest Period Premium: one premium per workday at Mr. Honeycutt's hourly rate for a total of $6,181.44 (i.e., 282 rest period premiums).<br><br>   o Interest of 10%: $3,010.24. | **theories pled in the PAGA Notice and Complaint.** *Stoddart v. Express Servs., Inc.*, 2015 WL 5522142, *6 (E.D. Cal. Sept. 16, 2015); *Holak v. K Mart Corp.*, 2015 WL 2384895, *4 (E.D. Cal. May 19, 2015); *Archila v. KFC U.S. Properties, Inc.*, 420 F. App'x 667, 669 (9th Cir. 2011); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1292 (9th Cir. 2000).<br><br>**Assumes facts that are either not true or lack sufficient evidentiary support.**<br><br>**Improper attempt to recover penalties for which Plaintiff has failed to prove the underlying Labor Code violations and/or that are not recoverable as a matter of law.** *See* Acosta's Consolidated Opposition/Opening Brief, Section VII.<br><br>**Improper attempt to recover meal and rest break premiums pursuant to Cal. Lab. Code § 558, because such premiums are akin to liquidated damages and do not constitute "wages."** *See, e.g.,* Consolidated Opposition/Opening Brief at Section VII.D.<br><br>**Improper mischaracterization.** | |

**DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MARCO A. PALAU [DKT. #91-1]**

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| **¶ 50:** Ms. Law's wage statements do not include the start of the pay period. Like the other STs, she was paid a fixed salary that covered only eight (8) hours per workday and 40 hours per workweek. Days off are indicated in payroll. Based on Ms. Law's payroll records, Acosta's deposition testimony and its policies establishing a daily, nine-hour work schedule, arguably with an untimely meal break of 30 minutes, Acosta is liable for civil penalties in the following amounts::<br><br>• Labor Code § 226.3 for inaccurate wage statements (failing to include the start of the pay period; inaccurate total hours; failure to include rate of pay; failing to include overtime, rest and meal period premiums): $4,500 ($250 for each of the 18 wage statements during the relevant time period).<br><br>• Labor Code § 210 for failure to pay wages (overtime, rest and meal premiums) when due, i.e., each pay period: $3,500 ($100 for the first wage statement and $200 for the 17 | **Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Contradicted by Plaintiff's Deposition Testimony where she admitted that she has *no personal knowledge* of the meal and rest break practices and working hours of other STs.** Kim Decl., Exh. B at 120:20-121:19, 360:5-363:9.  *See also Rope v. Auto–Chlor Sys. of Wash., Inc.*, 220 Cal.App.4th 635, 651 n. 7 (2013) ("PAGA requires that the representative plaintiff establish that the employer have committed the Labor Code violations for which recovery is sought against the aggrieved employees."); *Hibbs–Rines v. Seagate Technologies, LLC*, 2009 WL 513496, *4 (N.D. Cal.2009) ("[C]ivil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA.") (emphasis in original). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in | Sustained / Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| subsequent wage statements within the relevant period)<br><br>• Labor Code § 1197.1 for violating the minimum wage by paying zero wages for hours in excess of eight (8) in a workday in a given pay period: $4,350 ($100 for the first pay period and $250 for 17 subsequent pay periods).<br><br>• Labor Code § 2699(f) for failing to reimburse expenses during a pay period: $1,800 ($100 per each of the 18 pay periods that a reimbursement was not received).<br><br>• Labor Code § 558 for underpayment of wages during the pay period, including failure to pay overtime and rest and meal period premiums: $1,750 ($50 for the first wage statement and $100 each of the 18 wage statements thereafter).<br><br>• Labor Code § 1174.5 for failure to maintain payroll records showing the hours worked daily: $500.<br><br>• Labor Code § 558 wages (overtime, rest and meal period premiums) as a civil penalty: $11,275.92 (with 10 | order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.").<br><br>**Lack of personal knowledge / foundation.**  FRE 601, 602, 901.<br><br>**Inadmissible opinion testimony.** FRE 701-702.<br><br>**Speculation.**  The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible.  *See Slevin v. Home Depot,* 120 F.Supp.2d 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).<br><br>**Violates the Best Evidence Rule.** FRE 1002.<br><br>**Improper attempt to circumvent the Court's page limits applicable to briefs.**<br><br>**Improper attempt to expand the scope of Plaintiff's PAGA allegations beyond the facts and theories pled in the PAGA Notice and Complaint.**  *Stoddart v. Express Servs., Inc.,* 2015 WL 5522142, *6 (E.D. Cal. Sept. 16, 2015); Holak v. K Mart Corp.,* 2015 WL 2384895, *4 (E.D. Cal. May 19, 2015); Archila v. KFC U.S. Properties, Inc.,* 420 F. App'x 667, 669 (9th Cir. 2011); *Pickern v. Pier 1 Imports (U.S.), Inc.,* 457 F.3d 963, 968-69 (9th Cir. 2006); *Coleman v.* | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| percent simple interest). This amount breaks down as follows:<br><br>   o  Overtime: half an hour of overtime per workday at the overtime rate of time and one half. Ms. Law's Payroll History Report shows 158 workdays for a total of $2,621.22 in unpaid overtime.<br><br>   o  Meal Period Premium: one premium per workday at the hourly rate for a total of $3,494.96 (i.e., 158 meal period premiums).<br><br>   o  Rest Period Premium: one premium per workday at Ms. Law's hourly rate for a total of $3,494.96 (i.e., 158 rest period premiums).<br><br>   o  Interest of 10%: $1,664.78. | *Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000).<br><br>**Assumes facts that are either not true or lack sufficient evidentiary support.**<br><br>**Improper attempt to recover penalties for which Plaintiff has failed to prove the underlying Labor Code violations and/or that are not recoverable as a matter of law.** *See* Acosta's Consolidated Opposition/Opening Brief, Section VII.<br><br>**Improper attempt to recover meal and rest break premiums pursuant to Cal. Lab. Code § 558, because such premiums are akin to liquidated damages and do not constitute "wages."** *See, e.g.,* Consolidated Opposition/Opening Brief at Section VII.D.<br><br>**Improper mischaracterization.** | |
| **¶ 52:** Ms. Merrill's wage statements do not include the start of the pay period. Like the other STs, she was paid a fixed salary that covered only eight (8) hours per workday and 40 hours per workweek. Days off are indicated in payroll. Based on Ms. Merrill's payroll records, Acosta's deposition | **Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal | Sustained /<br><br>Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| testimony and its policies establishing a daily, nine-hour work schedule, arguably with an untimely meal break of 30 minutes, Acosta is liable for civil penalties in the following amounts::<br><br>• Labor Code § 226.3 for inaccurate wage statements (failing to include the start of the pay period; inaccurate total hours; failure to include rate of pay; failing to include overtime, rest and meal period premiums): $3,250 ($250 for each of the 13 wage statements during the relevant time period).<br><br>• Labor Code § 210 for failure to pay wages (overtime, rest and meal premiums) when due, i.e., each pay period: $2,500 ($100 for the first wage statement and $200 for the 12 subsequent wage statements within the relevant period)<br><br>• Labor Code § 1197.1 for violating the minimum wage by paying zero wages for hours in excess of eight (8) in a workday in a given pay period: $3,100 ($100 for the first | conclusions as having "no effect" or admissibility).<br><br>**Contradicted by Plaintiff's Deposition Testimony where she admitted that she has *no personal knowledge* of the meal and rest break practices and working hours of other STs.** Kim Decl., Exh. B at 120:20-121:19, 360:5-363:9.  *See also Rope v. Auto–Chlor Sys. of Wash., Inc.*, 220 Cal.App.4th 635, 651 n. 7 (2013) ("PAGA requires that the representative plaintiff establish that the employer have committed the Labor Code violations for which recovery is sought against the aggrieved employees."); *Hibbs–Rines v. Seagate Technologies, LLC*, 2009 WL 513496, *4 (N.D. Cal.2009) ("[C]ivil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA.") (emphasis in original). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.").<br><br>**Lack of personal knowledge / foundation.**  FRE 601, 602, 901. | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| pay period and $250 for 12 subsequent pay periods).<br><br>• Labor Code § 2699(f) for failing to reimburse expenses during a pay period: $1,300 ($100 per each of the 13 pay periods that a reimbursement was not received).<br><br>• Labor Code § 558 for underpayment of wages during the pay period, including failure to pay overtime and rest and meal period premiums: $1,250 ($50 for the first wage statement and $100 each of the 12 wage statements thereafter).<br><br>• Labor Code § 1174.5 for failure to maintain payroll records showing the hours worked daily: $500.<br><br>• Labor Code § 558 wages (overtime, rest and meal period premiums) as a civil penalty: $8,239.30 (with 10 percent simple interest). This amount breaks down as follows:<br><br>   o  Overtime: half an hour of overtime per workday at the overtime rate of time and one half. Ms. Merrill's Payroll History Report shows 119 | **Inadmissible opinion testimony.** FRE 701-702.<br><br>**Speculation.** The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).<br><br>**Violates the Best Evidence Rule.** FRE 1002.<br><br>**Improper attempt to circumvent the Court's page limits applicable to briefs.**<br><br>**Improper attempt to expand the scope of Plaintiff's PAGA allegations beyond the facts and theories pled in the PAGA Notice and Complaint.** *Stoddart v. Express Servs., Inc.,* 2015 WL 5522142, \*6 (E.D. Cal. Sept. 16, 2015); *Holak v. K Mart Corp.,* 2015 WL 2384895, \*4 (E.D. Cal. May 19, 2015); *Archila v. KFC U.S. Properties, Inc.,* 420 F. App'x 667, 669 (9th Cir. 2011); *Pickern v. Pier 1 Imports (U.S.), Inc.,* 457 F.3d 963, 968-69 (9th Cir. 2006); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1292 (9th Cir. 2000).<br><br>**Assumes facts that are either not true or lack sufficient evidentiary support.**<br><br>**Improper attempt to recover penalties for which Plaintiff has failed to prove the underlying Labor Code violations and/or that are not recoverable as a matter of** | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| workdays for a total of $1,931.37 in unpaid overtime.<br><br>   o  Meal Period Premium: one premium per workday at the hourly rate for a total of $2,575.16 (i.e., 119 meal period premiums).<br><br>   o  Rest Period Premium: one premium per workday at Ms. Merrill's hourly rate for a total of $2,575.16 (i.e., 119 rest period premiums).<br><br>   o  Interest of 10%: $1,157.61. | **law.** *See* Acosta's Consolidated Opposition/Opening Brief, Section VII.<br><br>**Improper attempt to recover meal and rest break premiums pursuant to Cal. Lab. Code § 558, because such premiums are akin to liquidated damages and do not constitute "wages."** *See, e.g.,* Consolidated Opposition/Opening Brief at Section VII.D.<br><br>**Improper mischaracterization.** | |
| **¶ 54:** Mr. Spawton's wage statements do not include the start of the pay period. Like the other STs, he was paid a fixed salary that covered only eight (8) hours per workday and 40 hours per workweek. Days off are indicated in payroll. Based on his records, Acosta's deposition testimony and its policies establishing a daily, nine-hour work schedule, arguably with an untimely meal break of 30 minutes, Acosta is liable for civil penalties in the following amounts:<br><br>   •  Labor Code § 226.3 for inaccurate wage statements (failing to include the start of the pay period; | **Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Contradicted by Plaintiff's Deposition Testimony where she admitted that she has *no personal knowledge* of the meal and rest break practices and working hours of other STs.** Kim Decl., Exh. B at 120:20-121:19, 360:5-363:9. *See also Rope v. Auto–Chlor Sys. of Wash., Inc.*, 220 Cal.App.4th | Sustained /<br><br>Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| inaccurate total hours; failure to include rate of pay; failing to include overtime, rest and meal period premiums): $8,250 ($250 for each of the 33 wage statements during the relevant time period).<br><br>• Labor Code § 210 for failure to pay wages (overtime, rest and meal premiums) when due, i.e., each pay period: $6,500 ($100 for the first wage statement and $200 for the 32 subsequent wage statements within the relevant period)<br><br>• Labor Code § 1197.1 for violating the minimum wage by paying zero wages for hours in excess of eight (8) in a workday in a given pay period: $8,100 ($100 for the first pay period and $250 for 32 subsequent pay periods).<br><br>• Labor Code § 2699(f) for failing to reimburse expenses during a pay period: $3,300 ($100 per each of the 33 pay periods that a reimbursement was not received).<br><br>• Labor Code § 558 for underpayment of wages during the | 635, 651 n. 7 (2013) ("PAGA requires that the representative plaintiff establish that the employer have committed the Labor Code violations for which recovery is sought against the aggrieved employees."); *Hibbs–Rines v. Seagate Technologies, LLC*, 2009 WL 513496, *4 (N.D. Cal.2009) ("[C]ivil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA.") (emphasis in original). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.").<br><br>**Lack of personal knowledge / foundation.** FRE 601, 602, 901.<br><br>**Inadmissible opinion testimony.** FRE 701-702.<br><br>**Speculation.** The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot*, 120 F.Supp.2d 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| pay period, including failure to pay overtime and rest and meal period premiums: $3,250 ($50 for the first wage statement and $100 each of the 32 wage statements thereafter).<br><br>• Labor Code § 1174.5 for failure to maintain payroll records showing the hours worked daily: $500.<br><br>• Labor Code § 558 wages (overtime, rest and meal period premiums) as a civil penalty: $20,119.93 (with 10 percent simple interest). This amount breaks down as follows:<br><br>   o  Overtime: half an hour of overtime per workday at the overtime rate of time and one half. Mr. Spawton's Payroll History Report shows 276 workdays for a total of $4,577.81 in unpaid overtime.<br><br>   o  Meal Period Premium: one premium per workday at Mr. Spawton's hourly rate for a total of $6,103.74 (i.e., 276 meal period premiums).<br><br>   o  Rest Period Premium: one premium per workday at Mr. | on speculation is irrelevant and should not be considered).<br><br>**Violates the Best Evidence Rule.** FRE 1002.<br><br>**Improper attempt to circumvent the Court's page limits applicable to briefs.**<br><br>**Improper attempt to expand the scope of Plaintiff's PAGA allegations beyond the facts and theories pled in the PAGA Notice and Complaint.** *Stoddart v. Express Servs., Inc.*, 2015 WL 5522142, *6 (E.D. Cal. Sept. 16, 2015); *Holak v. K Mart Corp.*, 2015 WL 2384895, *4 (E.D. Cal. May 19, 2015); *Archila v. KFC U.S. Properties, Inc.*, 420 F. App'x 667, 669 (9th Cir. 2011); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000).<br><br>**Assumes facts that are either not true or lack sufficient evidentiary support.**<br><br>**Improper attempt to recover penalties for which Plaintiff has failed to prove the underlying Labor Code violations and/or that are not recoverable as a matter of law.** *See* Acosta's Consolidated Opposition/Opening Brief, Section VII.<br><br>**Improper attempt to recover meal and rest break premiums pursuant to Cal. Lab. Code § 558, because such premiums are akin to liquidated damages and do not constitute "wages."** *See, e.g.,* | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| Spawton's hourly rate for a total of $6,103.74 (i.e., 276 rest period premiums).<br><br>○ Interest of 10%: $3,334.65. | Consolidated Opposition/Opening Brief at Section VII.D.<br><br>**Improper mischaracterization.** | |
| ¶ **56:** Mr. Tenney's wage statements do not include the start of the pay period. Like the other STs, he was paid a fixed salary that covered only eight (8) hours per workday and 40 hours per workweek. Days off are indicated in payroll. Based on his records, Acosta's deposition testimony and its policies establishing a daily, nine-hour work schedule, arguably with an untimely meal break of 30 minutes, Acosta is liable for civil penalties in the following amounts:<br><br>• Labor Code § 226.3 for inaccurate wage statements (failing to include the start of the pay period; inaccurate total hours; failure to include rate of pay; failing to include overtime, rest and meal period premiums): $8,000 ($250 for each of the 32 wage statements during the relevant time period).<br><br>• Labor Code § 210 for failure to pay wages (overtime, rest and meal premiums) when due, i.e., each pay | **Inadmissible legal conclusions.** *See, e.g.*, *Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Contradicted by Plaintiff's Deposition Testimony where she admitted that she has *no personal knowledge* of the meal and rest break practices and working hours of other STs.** Kim Decl., Exh. B at 120:20-121:19, 360:5-363:9. *See also Rope v. Auto–Chlor Sys. of Wash., Inc.*, 220 Cal.App.4th 635, 651 n. 7 (2013) ("PAGA requires that the representative plaintiff establish that the employer have committed the Labor Code violations for which recovery is sought against the aggrieved employees."); *Hibbs–Rines v. Seagate Technologies, LLC*, 2009 WL 513496, *4 (N.D. Cal.2009) ("[C]ivil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under | Sustained / Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| period: $6,300 ($100 for the first wage statement and $200 for the 31 subsequent wage statements within the relevant period).<br>• Labor Code § 1197.1 for violating the minimum wage by paying zero wages for hours in excess of eight (8) in a workday in a given pay period: $7,850 ($100 for the first pay period and $250 for 31 subsequent pay periods).<br>• Labor Code § 2699(f) for failing to reimburse expenses during a pay period: $3,200 ($100 per each of the 32 pay periods that a reimbursement was not received).<br>• Labor Code § 558 for underpayment of wages during the pay period, including failure to pay overtime and rest and meal period premiums: $3,150 ($50 for the first wage statement and $100 each of the 31 wage statements thereafter).<br>• Labor Code § 1174.5 for failure to maintain payroll records showing the hours worked daily: $500. | PAGA.") (emphasis in original). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.").<br><br>**Lack of personal knowledge / foundation.** FRE 601, 602, 901.<br><br>**Inadmissible opinion testimony.** FRE 701-702.<br><br>**Speculation.** The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).<br><br>**Violates the Best Evidence Rule.** FRE 1002.<br><br>**Improper attempt to circumvent the Court's page limits applicable to briefs.**<br><br>**Improper attempt to expand the scope of Plaintiff's PAGA allegations beyond the facts and theories pled in the PAGA Notice and Complaint.** *Stoddart v. Express Servs., Inc.*, 2015 WL 5522142, *6 (E.D. Cal. Sept. 16, | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| • Labor Code § 558 wages (overtime, rest and meal period premiums) as a civil penalty: $20,904.91 (with 10 percent simple interest). This amount breaks down as follows:<br><br>  ○ Overtime: half an hour of overtime per workday at the overtime rate of time and one half. Mr. Tenney's Payroll History Report shows 274 workdays for a total of $4,763.17 in unpaid overtime.<br><br>  ○ Meal Period Premium: one premium per workday at Mr. Tenney's hourly rate for a total of $6,350.89 (i.e., 274 meal period premiums).<br><br>  ○ Rest Period Premium: one premium per workday at Mr. Tenney's hourly rate for a total of $6,350.89 (i.e., 274 rest period premiums).<br><br>  ○ Interest of 10%: $3,439.96. | 2015); *Holak v. K Mart Corp.*, 2015 WL 2384895, *4 (E.D. Cal. May 19, 2015); *Archila v. KFC U.S. Properties, Inc.*, 420 F. App'x 667, 669 (9th Cir. 2011); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000).<br><br>**Assumes facts that are either not true or lack sufficient evidentiary support.**<br><br>**Improper attempt to recover penalties for which Plaintiff has failed to prove the underlying Labor Code violations and/or that are not recoverable as a matter of law.** *See* Acosta's Consolidated Opposition/Opening Brief, Section VII.<br><br>**Improper attempt to recover meal and rest break premiums pursuant to Cal. Lab. Code § 558, because such premiums are akin to liquidated damages and do not constitute "wages."** *See, e.g.*, Consolidated Opposition/Opening Brief at Section VII.D.<br><br>**Improper mischaracterization.** | |
| **¶ 57:** Attached hereto as Exhibit 35 is a summary of the civil penalties owed to Plaintiff and the PAGA workforce. | **Inadmissible legal conclusions.** *See, e.g.*, *Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 | Sustained /<br><br>Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Contradicted by Plaintiff's Deposition Testimony where she admitted that she has *no personal knowledge* of the meal and rest break practices and working hours of other STs.** Kim Decl., Exh. B at 120:20-121:19, 360:5-363:9. *See also Rope v. Auto–Chlor Sys. of Wash., Inc.*, 220 Cal.App.4th 635, 651 n. 7 (2013) ("PAGA requires that the representative plaintiff establish that the employer have committed the Labor Code violations for which recovery is sought against the aggrieved employees."); *Hibbs–Rines v. Seagate Technologies, LLC*, 2009 WL 513496, *4 (N.D. Cal.2009) ("[C]ivil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA.") (emphasis in original). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit | |

**DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MARCO A. PALAU [DKT. #91-1]**

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | contradicting his prior deposition testimony."). **Lack of personal knowledge / foundation.** FRE 601, 602, 901. **Inadmissible opinion testimony.** FRE 701-702. **Speculation.** The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered). **Violates the Best Evidence Rule.** FRE 1002. **Improper attempt to circumvent the Court's page limits applicable to briefs.** **Improper attempt to expand the scope of Plaintiff's PAGA allegations beyond the facts and theories pled in the PAGA Notice and Complaint.** *Stoddart v. Express Servs., Inc.*, 2015 WL 5522142, *6 (E.D. Cal. Sept. 16, 2015); *Holak v. K Mart Corp.*, 2015 WL 2384895, *4 (E.D. Cal. May 19, 2015); *Archila v. KFC U.S. Properties, Inc.*, 420 F. App'x 667, 669 (9th Cir. 2011); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1292 (9th Cir. 2000). **Assumes facts that are either not true or lack sufficient evidentiary support.** | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | **Improper attempt to recover penalties for which Plaintiff has failed to prove the underlying Labor Code violations and/or that are not recoverable as a matter of law.** *See* Acosta's Consolidated Opposition/Opening Brief, Section VII.<br><br>**Improper attempt to recover meal and rest break premiums pursuant to Cal. Lab. Code § 558, because such premiums are akin to liquidated damages and do not constitute "wages."** *See, e.g.,* Consolidated Opposition/Opening Brief at Section VII.D.<br><br>**Improper mischaracterization.** | |
| **Exhibit 25** | **Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Contradicted by Plaintiff's Deposition Testimony where she admitted that she has *no personal knowledge* of the meal and rest break practices and working hours of other STs.** Kim Decl., Exh. B at 120:20-121:19, 360:5-363:9. *See also Rope v. Auto–Chlor Sys. of Wash., Inc.*, 220 Cal.App.4th 635, 651 n. 7 (2013) ("PAGA | Sustained /<br><br>Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | requires that the representative plaintiff establish that the employer have committed the Labor Code violations for which recovery is sought against the aggrieved employees."); *Hibbs–Rines v. Seagate Technologies, LLC*, 2009 WL 513496, *4 (N.D. Cal.2009) ("[C]ivil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA.") (emphasis in original). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."). **Lack of personal knowledge / foundation.** FRE 601, 602, 901. **Inadmissible opinion testimony.** FRE 701-702. **Speculation.** The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot,* 120 F.Supp.2d 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based | |

**DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MARCO A. PALAU [DKT. #91-1]**

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | on speculation is irrelevant and should not be considered). **Violates the Best Evidence Rule.** FRE 1002. **Improper attempt to circumvent the Court's page limits applicable to briefs.** **Improper attempt to expand the scope of Plaintiff's PAGA allegations beyond the facts and theories pled in the PAGA Notice and Complaint.** *Stoddart v. Express Servs., Inc.*, 2015 WL 5522142, \*6 (E.D. Cal. Sept. 16, 2015); *Holak v. K Mart Corp.*, 2015 WL 2384895, \*4 (E.D. Cal. May 19, 2015); *Archila v. KFC U.S. Properties, Inc.*, 420 F. App'x 667, 669 (9th Cir. 2011); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000). **Assumes facts that are either not true or lack sufficient evidentiary support.** **Improper attempt to recover penalties for which Plaintiff has failed to prove the underlying Labor Code violations and/or that are not recoverable as a matter of law.** *See* Acosta's Consolidated Opposition/Opening Brief, Section VII. **Improper attempt to recover meal and rest break premiums pursuant to Cal. Lab. Code § 558, because such premiums are akin to liquidated damages and do not constitute "wages."** *See, e.g.,* | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | Consolidated Opposition/Opening Brief at Section VII.D.<br><br>**Improper mischaracterization.** | |
| **Exhibit 26** | **Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Contradicted by Plaintiff's Deposition Testimony where she admitted that she has *no personal knowledge* of the meal and rest break practices and working hours of other STs.** Kim Decl., Exh. B at 120:20-121:19, 360:5-363:9.  *See also Rope v. Auto–Chlor Sys. of Wash., Inc.*, 220 Cal.App.4th 635, 651 n. 7 (2013) ("PAGA requires that the representative plaintiff establish that the employer have committed the Labor Code violations for which recovery is sought against the aggrieved employees."); *Hibbs–Rines v. Seagate Technologies, LLC*, 2009 WL 513496, *4 (N.D. Cal.2009) ("[C]ivil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under | Sustained /<br><br>Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | PAGA.") (emphasis in original). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."). **Lack of personal knowledge / foundation.**  FRE 601, 602, 901. **Inadmissible opinion testimony.** FRE 701-702. **Speculation.**  The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible.  *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered). **Violates the Best Evidence Rule.** FRE 1002. **Improper attempt to circumvent the Court's page limits applicable to briefs.** **Improper attempt to expand the scope of Plaintiff's PAGA allegations beyond the facts and theories pled in the PAGA Notice and Complaint.**  *Stoddart v. Express Servs., Inc.*, 2015 WL 5522142, *6 (E.D. Cal. Sept. 16, | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | 2015); *Holak v. K Mart Corp.*, 2015 WL 2384895, *4 (E.D. Cal. May 19, 2015); *Archila v. KFC U.S. Properties, Inc.*, 420 F. App'x 667, 669 (9th Cir. 2011); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000).<br><br>**Assumes facts that are either not true or lack sufficient evidentiary support.**<br><br>**Improper attempt to recover penalties for which Plaintiff has failed to prove the underlying Labor Code violations and/or that are not recoverable as a matter of law.** *See* Acosta's Consolidated Opposition/Opening Brief, Section VII.<br><br>**Improper attempt to recover meal and rest break premiums pursuant to Cal. Lab. Code § 558, because such premiums are akin to liquidated damages and do not constitute "wages."** *See, e.g.*, Consolidated Opposition/Opening Brief at Section VII.D.<br><br>**Improper mischaracterization.** | |
| **Exhibit 27** | **Inadmissible legal conclusions.** *See, e.g.*, *Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of | Sustained / Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Contradicted by Plaintiff's Deposition Testimony where she admitted that she has *no personal knowledge* of the meal and rest break practices and working hours of other STs.** Kim Decl., Exh. B at 120:20-121:19, 360:5-363:9. *See also Rope v. Auto–Chlor Sys. of Wash., Inc.*, 220 Cal.App.4th 635, 651 n. 7 (2013) ("PAGA requires that the representative plaintiff establish that the employer have committed the Labor Code violations for which recovery is sought against the aggrieved employees."); *Hibbs–Rines v. Seagate Technologies, LLC*, 2009 WL 513496, *4 (N.D. Cal.2009) ("[C]ivil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA.") (emphasis in original). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."). | |

**DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MARCO A. PALAU [DKT. #91-1]**

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | **Lack of personal knowledge / foundation.**  FRE 601, 602, 901.<br><br>**Inadmissible opinion testimony.** FRE 701-702.<br><br>**Speculation.**  The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible.  *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).<br><br>**Violates the Best Evidence Rule.** FRE 1002.<br><br>**Improper attempt to circumvent the Court's page limits applicable to briefs.**<br><br>**Improper attempt to expand the scope of Plaintiff's PAGA allegations beyond the facts and theories pled in the PAGA Notice and Complaint.**  *Stoddart v. Express Servs., Inc.*, 2015 WL 5522142, *6 (E.D. Cal. Sept. 16, 2015); *Holak v. K Mart Corp.*, 2015 WL 2384895, *4 (E.D. Cal. May 19, 2015); *Archila v. KFC U.S. Properties, Inc.*, 420 F. App'x 667, 669 (9th Cir. 2011); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1292 (9th Cir. 2000).<br><br>**Assumes facts that are either not true or lack sufficient evidentiary support.**<br><br>**Improper attempt to recover penalties for which Plaintiff has** | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | **failed to prove the underlying Labor Code violations and/or that are not recoverable as a matter of law.** *See* Acosta's Consolidated Opposition/Opening Brief, Section VII.<br><br>**Improper attempt to recover meal and rest break premiums pursuant to Cal. Lab. Code § 558, because such premiums are akin to liquidated damages and do not constitute "wages."** *See, e.g.,* Consolidated Opposition/Opening Brief at Section VII.D.<br><br>**Improper mischaracterization.** | |
| **Exhibit 28** | **Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Contradicted by Plaintiff's Deposition Testimony where she admitted that she has** *no personal knowledge* **of the meal and rest break practices and working hours of other STs.** Kim Decl., Exh. B at 120:20-121:19, 360:5-363:9.  *See also Rope v. Auto–Chlor Sys. of Wash., Inc.*, 220 Cal.App.4th 635, 651 n. 7 (2013) ("PAGA requires that the representative plaintiff establish that the employer | Sustained /<br><br>Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | have committed the Labor Code violations for which recovery is sought against the aggrieved employees."); *Hibbs–Rines v. Seagate Technologies, LLC*, 2009 WL 513496, *4 (N.D. Cal.2009) ("[C]ivil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA.") (emphasis in original). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."). **Lack of personal knowledge / foundation.** FRE 601, 602, 901. **Inadmissible opinion testimony.** FRE 701-702. **Speculation.** The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot,* 120 F.Supp.2d 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered). | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | **Violates the Best Evidence Rule.** FRE 1002.<br><br>**Improper attempt to circumvent the Court's page limits applicable to briefs.**<br><br>**Improper attempt to expand the scope of Plaintiff's PAGA allegations beyond the facts and theories pled in the PAGA Notice and Complaint.** *Stoddart v. Express Servs., Inc.*, 2015 WL 5522142, *6 (E.D. Cal. Sept. 16, 2015); *Holak v. K Mart Corp.*, 2015 WL 2384895, *4 (E.D. Cal. May 19, 2015); *Archila v. KFC U.S. Properties, Inc.*, 420 F. App'x 667, 669 (9th Cir. 2011); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1292 (9th Cir. 2000).<br><br>**Assumes facts that are either not true or lack sufficient evidentiary support.**<br><br>**Improper attempt to recover penalties for which Plaintiff has failed to prove the underlying Labor Code violations and/or that are not recoverable as a matter of law.** *See* Acosta's Consolidated Opposition/Opening Brief, Section VII.<br><br>**Improper attempt to recover meal and rest break premiums pursuant to Cal. Lab. Code § 558, because such premiums are akin to liquidated damages and do not constitute "wages."** *See, e.g.*, Consolidated Opposition/Opening Brief at Section VII.D. | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | **Improper mischaracterization.** | |
| **Exhibit 29** | **Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Contradicted by Plaintiff's Deposition Testimony where she admitted that she has *no personal knowledge* of the meal and rest break practices and working hours of other STs.** Kim Decl., Exh. B at 120:20-121:19, 360:5-363:9.  *See also Rope v. Auto–Chlor Sys. of Wash., Inc.*, 220 Cal.App.4th 635, 651 n. 7 (2013) ("PAGA requires that the representative plaintiff establish that the employer have committed the Labor Code violations for which recovery is sought against the aggrieved employees."); *Hibbs–Rines v. Seagate Technologies, LLC*, 2009 WL 513496, *4 (N.D. Cal.2009) ("[C]ivil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA.") (emphasis in original). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. | Sustained /<br><br>Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.").<br><br>**Lack of personal knowledge / foundation.** FRE 601, 602, 901.<br><br>**Inadmissible opinion testimony.** FRE 701-702.<br><br>**Speculation.** The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot,* 120 F.Supp.2d 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).<br><br>**Violates the Best Evidence Rule.** FRE 1002.<br><br>**Improper attempt to circumvent the Court's page limits applicable to briefs.**<br><br>**Improper attempt to expand the scope of Plaintiff's PAGA allegations beyond the facts and theories pled in the PAGA Notice and Complaint.** *Stoddart v. Express Servs., Inc.,* 2015 WL 5522142, *6 (E.D. Cal. Sept. 16, 2015); *Holak v. K Mart Corp.,* 2015 WL 2384895, *4 (E.D. Cal. May 19, 2015); *Archila v. KFC U.S.* | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | *Properties, Inc.*, 420 F. App'x 667, 669 (9th Cir. 2011); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000).<br><br>**Assumes facts that are either not true or lack sufficient evidentiary support.**<br><br>**Improper attempt to recover penalties for which Plaintiff has failed to prove the underlying Labor Code violations and/or that are not recoverable as a matter of law.** *See* Acosta's Consolidated Opposition/Opening Brief, Section VII.<br><br>**Improper attempt to recover meal and rest break premiums pursuant to Cal. Lab. Code § 558, because such premiums are akin to liquidated damages and do not constitute "wages."** *See, e.g.*, Consolidated Opposition/Opening Brief at Section VII.D.<br><br>**Improper mischaracterization.** | |
| **Exhibit 30** | **Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal | Sustained / <br><br>Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | conclusions as having "no effect" or admissibility).<br><br>**Contradicted by Plaintiff's Deposition Testimony where she admitted that she has *no personal knowledge* of the meal and rest break practices and working hours of other STs.** Kim Decl., Exh. B at 120:20-121:19, 360:5-363:9.  *See also Rope v. Auto–Chlor Sys. of Wash., Inc.*, 220 Cal.App.4th 635, 651 n. 7 (2013) ("PAGA requires that the representative plaintiff establish that the employer have committed the Labor Code violations for which recovery is sought against the aggrieved employees."); *Hibbs–Rines v. Seagate Technologies, LLC*, 2009 WL 513496, *4 (N.D. Cal.2009) ("[C]ivil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA.") (emphasis in original). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony.").<br><br>**Lack of personal knowledge / foundation.**  FRE 601, 602, 901. | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | **Inadmissible opinion testimony.** FRE 701-702.<br><br>**Speculation.**  The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible.  *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).<br><br>**Violates the Best Evidence Rule.** FRE 1002.<br><br>**Improper attempt to circumvent the Court's page limits applicable to briefs.**<br><br>**Improper attempt to expand the scope of Plaintiff's PAGA allegations beyond the facts and theories pled in the PAGA Notice and Complaint.**  *Stoddart v. Express Servs., Inc.,* 2015 WL 5522142, *6 (E.D. Cal. Sept. 16, 2015); *Holak v. K Mart Corp.,* 2015 WL 2384895, *4 (E.D. Cal. May 19, 2015); *Archila v. KFC U.S. Properties, Inc.,* 420 F. App'x 667, 669 (9th Cir. 2011); *Pickern v. Pier 1 Imports (U.S.), Inc.,* 457 F.3d 963, 968-69 (9th Cir. 2006); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1292 (9th Cir. 2000).<br><br>**Assumes facts that are either not true or lack sufficient evidentiary support.**<br><br>**Improper attempt to recover penalties for which Plaintiff has failed to prove the underlying Labor Code violations and/or that are not recoverable as a matter of** | |

**DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MARCO A. PALAU [DKT. #91-1]**

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | *law.*  *See* Acosta's Consolidated Opposition/Opening Brief, Section VII.<br><br>**Improper attempt to recover meal and rest break premiums pursuant to Cal. Lab. Code § 558, because such premiums are akin to liquidated damages and do not constitute "wages."**  *See, e.g.,* Consolidated Opposition/Opening Brief at Section VII.D.<br><br>**Improper mischaracterization.** | |
| **Exhibit 31** | **Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Contradicted by Plaintiff's Deposition Testimony where she admitted that she has *no personal knowledge* of the meal and rest break practices and working hours of other STs.** Kim Decl., Exh. B at 120:20-121:19, 360:5-363:9.  *See also Rope v. Auto–Chlor Sys. of Wash., Inc.*, 220 Cal.App.4th 635, 651 n. 7 (2013) ("PAGA requires that the representative plaintiff establish that the employer have committed the Labor Code violations for which recovery is sought against the aggrieved | Sustained / Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | employees."); *Hibbs–Rines v. Seagate Technologies, LLC*, 2009 WL 513496, *4 (N.D. Cal.2009) ("[C]ivil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA.") (emphasis in original). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."). **Lack of personal knowledge / foundation.** FRE 601, 602, 901. **Inadmissible opinion testimony.** FRE 701-702. **Speculation.** The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered). **Violates the Best Evidence Rule.** FRE 1002. | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | **Improper attempt to circumvent the Court's page limits applicable to briefs.**<br><br>**Improper attempt to expand the scope of Plaintiff's PAGA allegations beyond the facts and theories pled in the PAGA Notice and Complaint.** *Stoddart v. Express Servs., Inc.*, 2015 WL 5522142, *6 (E.D. Cal. Sept. 16, 2015); *Holak v. K Mart Corp.*, 2015 WL 2384895, *4 (E.D. Cal. May 19, 2015); *Archila v. KFC U.S. Properties, Inc.*, 420 F. App'x 667, 669 (9th Cir. 2011); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1292 (9th Cir. 2000).<br><br>**Assumes facts that are either not true or lack sufficient evidentiary support.**<br><br>**Improper attempt to recover penalties for which Plaintiff has failed to prove the underlying Labor Code violations and/or that are not recoverable as a matter of law.** *See* Acosta's Consolidated Opposition/Opening Brief, Section VII.<br><br>**Improper attempt to recover meal and rest break premiums pursuant to Cal. Lab. Code § 558, because such premiums are akin to liquidated damages and do not constitute "wages."** *See, e.g.*, Consolidated Opposition/Opening Brief at Section VII.D.<br><br>**Improper mischaracterization.** | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| **Exhibit 32** | **Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Contradicted by Plaintiff's Deposition Testimony where she admitted that she has *no personal knowledge* of the meal and rest break practices and working hours of other STs.** Kim Decl., Exh. B at 120:20-121:19, 360:5-363:9.  *See also Rope v. Auto–Chlor Sys. of Wash., Inc.*, 220 Cal.App.4th 635, 651 n. 7 (2013) ("PAGA requires that the representative plaintiff establish that the employer have committed the Labor Code violations for which recovery is sought against the aggrieved employees."); *Hibbs–Rines v. Seagate Technologies, LLC*, 2009 WL 513496, *4 (N.D. Cal.2009) ("[C]ivil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA.") (emphasis in original). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in | Sustained / Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."). **Lack of personal knowledge / foundation.** FRE 601, 602, 901. **Inadmissible opinion testimony.** FRE 701-702. **Speculation.** The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot,* 120 F.Supp.2d 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered). **Violates the Best Evidence Rule.** FRE 1002. **Improper attempt to circumvent the Court's page limits applicable to briefs.** **Improper attempt to expand the scope of Plaintiff's PAGA allegations beyond the facts and theories pled in the PAGA Notice and Complaint.** *Stoddart v. Express Servs., Inc.,* 2015 WL 5522142, *6 (E.D. Cal. Sept. 16, 2015); *Holak v. K Mart Corp.,* 2015 WL 2384895, *4 (E.D. Cal. May 19, 2015); *Archila v. KFC U.S. Properties, Inc.,* 420 F. App'x 667, 669 (9th Cir. 2011); *Pickern v. Pier 1 Imports (U.S.), Inc.,* 457 F.3d 963, 968-69 (9th Cir. 2006); *Coleman v.* | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | *Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000).<br><br>**Assumes facts that are either not true or lack sufficient evidentiary support.**<br><br>**Improper attempt to recover penalties for which Plaintiff has failed to prove the underlying Labor Code violations and/or that are not recoverable as a matter of law.** *See* Acosta's Consolidated Opposition/Opening Brief, Section VII.<br><br>**Improper attempt to recover meal and rest break premiums pursuant to Cal. Lab. Code § 558, because such premiums are akin to liquidated damages and do not constitute "wages."** *See, e.g.*, Consolidated Opposition/Opening Brief at Section VII.D.<br><br>**Improper mischaracterization.** | |
| **Exhibit 33** | **Inadmissible legal conclusions.** *See, e.g.*, *Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Contradicted by Plaintiff's Deposition Testimony where she admitted that she has *no personal*** | Sustained /<br><br>Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | ***knowledge* of the meal and rest break practices and working hours of other STs.** Kim Decl., Exh. B at 120:20-121:19, 360:5-363:9.  *See also Rope v. Auto–Chlor Sys. of Wash., Inc.*, 220 Cal.App.4th 635, 651 n. 7 (2013) ("PAGA requires that the representative plaintiff establish that the employer have committed the Labor Code violations for which recovery is sought against the aggrieved employees."); *Hibbs–Rines v. Seagate Technologies, LLC*, 2009 WL 513496, *4 (N.D. Cal.2009) ("[C]ivil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA.") (emphasis in original). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."). **Lack of personal knowledge / foundation.**  FRE 601, 602, 901. **Inadmissible opinion testimony.** FRE 701-702. **Speculation.**  The declaration does not contain facts that substantiate the conclusions rendered by declarant, | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | thereby making such statements pure speculation and inadmissible. *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered).<br><br>**Violates the Best Evidence Rule.** FRE 1002.<br><br>**Improper attempt to circumvent the Court's page limits applicable to briefs.**<br><br>**Improper attempt to expand the scope of Plaintiff's PAGA allegations beyond the facts and theories pled in the PAGA Notice and Complaint.** *Stoddart v. Express Servs., Inc.,* 2015 WL 5522142, \*6 (E.D. Cal. Sept. 16, 2015); *Holak v. K Mart Corp.,* 2015 WL 2384895, \*4 (E.D. Cal. May 19, 2015); *Archila v. KFC U.S. Properties, Inc.,* 420 F. App'x 667, 669 (9th Cir. 2011); *Pickern v. Pier 1 Imports (U.S.), Inc.,* 457 F.3d 963, 968-69 (9th Cir. 2006); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1292 (9th Cir. 2000).<br><br>**Assumes facts that are either not true or lack sufficient evidentiary support.**<br><br>**Improper attempt to recover penalties for which Plaintiff has failed to prove the underlying Labor Code violations and/or that are not recoverable as a matter of law.** *See* Acosta's Consolidated Opposition/Opening Brief, Section VII.<br><br>**Improper attempt to recover meal and rest break premiums pursuant** | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | to Cal. Lab. Code § 558, because such premiums are akin to liquidated damages and do not constitute "wages." *See, e.g.,* Consolidated Opposition/Opening Brief at Section VII.D.<br><br>**Improper mischaracterization.** | |
| **Exhibit 34** | **Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, *3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, *5 (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Contradicted by Plaintiff's Deposition Testimony where she admitted that she has *no personal knowledge* of the meal and rest break practices and working hours of other STs.** Kim Decl., Exh. B at 120:20-121:19, 360:5-363:9. *See also Rope v. Auto–Chlor Sys. of Wash., Inc.*, 220 Cal.App.4th 635, 651 n. 7 (2013) ("PAGA requires that the representative plaintiff establish that the employer have committed the Labor Code violations for which recovery is sought against the aggrieved employees."); *Hibbs–Rines v. Seagate Technologies, LLC*, 2009 WL 513496, *4 (N.D. Cal.2009) ("[C]ivil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will | Sustained /<br><br>Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA.") (emphasis in original). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."). **Lack of personal knowledge / foundation.**  FRE 601, 602, 901. **Inadmissible opinion testimony.** FRE 701-702. **Speculation.**  The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible.  *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered). **Violates the Best Evidence Rule.** FRE 1002. **Improper attempt to circumvent the Court's page limits applicable to briefs.** **Improper attempt to expand the scope of Plaintiff's PAGA allegations beyond the facts and** | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | **theories pled in the PAGA Notice and Complaint.** *Stoddart v. Express Servs., Inc.*, 2015 WL 5522142, \*6 (E.D. Cal. Sept. 16, 2015); *Holak v. K Mart Corp.*, 2015 WL 2384895, \*4 (E.D. Cal. May 19, 2015); *Archila v. KFC U.S. Properties, Inc.*, 420 F. App'x 667, 669 (9th Cir. 2011); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000).<br><br>**Assumes facts that are either not true or lack sufficient evidentiary support.**<br><br>**Improper attempt to recover penalties for which Plaintiff has failed to prove the underlying Labor Code violations and/or that are not recoverable as a matter of law.** *See* Acosta's Consolidated Opposition/Opening Brief, Section VII.<br><br>**Improper attempt to recover meal and rest break premiums pursuant to Cal. Lab. Code § 558, because such premiums are akin to liquidated damages and do not constitute "wages."** *See, e.g.*, Consolidated Opposition/Opening Brief at Section VII.D.<br><br>**Improper mischaracterization.** | |
| **Exhibit 35** | **Inadmissible legal conclusions.** *See, e.g., Lee v. City of Los Angeles*, 2015 WL 12748244, \*3-4 (C.D. Cal. Feb. 24, 2015) (sustaining evidentiary objections to legal conclusions contained in declarations); *Lauter v. Rosenblatt*, 2017 WL 5592886, \*5 | Sustained /<br><br>Overruled |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | (C.D. Cal. May 18, 2017) (same); *Wells v. San Joaquin Valley R.R.*, 2007 WL 2825715, *11-12 (E.D. Cal. Sept. 26, 2007) (striking portions of declarations that pertain legal conclusions as having "no effect" or admissibility).<br><br>**Contradicted by Plaintiff's Deposition Testimony where she admitted that she has *no personal knowledge* of the meal and rest break practices and working hours of other STs.** Kim Decl., Exh. B at 120:20-121:19, 360:5-363:9. *See also Rope v. Auto–Chlor Sys. of Wash., Inc.*, 220 Cal.App.4th 635, 651 n. 7 (2013) ("PAGA requires that the representative plaintiff establish that the employer have committed the Labor Code violations for which recovery is sought against the aggrieved employees."); *Hibbs–Rines v. Seagate Technologies, LLC*, 2009 WL 513496, *4 (N.D. Cal.2009) ("[C]ivil penalties under PAGA are only assessed for *violations* of the California Labor Code. Plaintiff will have to prove Labor Code violations with respect to each and every individual on whose behalf plaintiff seeks to recover civil penalties under PAGA.") (emphasis in original). *See also Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993) ("[A] party should not be able to substitute an affidavit alleging helpful facts for earlier deposition testimony harmful to its case in order to avoid summary judgment.") (cit. omitted); *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir. 1991) ("The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit | |

**DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MARCO A. PALAU [DKT. #91-1]**

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | contradicting his prior deposition testimony."). **Lack of personal knowledge / foundation.**  FRE 601, 602, 901. **Inadmissible opinion testimony.** FRE 701-702. **Speculation.**  The declaration does not contain facts that substantiate the conclusions rendered by declarant, thereby making such statements pure speculation and inadmissible.  *See Slevin v. Home Depot,* 120 F.Supp.2d. 822, 835-36 (N.D. Cal. 2000) (stating that a declaration based on speculation is irrelevant and should not be considered). **Violates the Best Evidence Rule.** FRE 1002. **Improper attempt to circumvent the Court's page limits applicable to briefs.** **Improper attempt to expand the scope of Plaintiff's PAGA allegations beyond the facts and theories pled in the PAGA Notice and Complaint.**  *Stoddart v. Express Servs., Inc.*, 2015 WL 5522142, *6 (E.D. Cal. Sept. 16, 2015); *Holak v. K Mart Corp.*, 2015 WL 2384895, *4 (E.D. Cal. May 19, 2015); *Archila v. KFC U.S. Properties, Inc.*, 420 F. App'x 667, 669 (9th Cir. 2011); *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1292 (9th Cir. 2000). **Assumes facts that are either not true or lack sufficient evidentiary support.** | |

| Declaration of Marco A. Palau | Objection | Ruling |
|---|---|---|
| | **Improper attempt to recover penalties for which Plaintiff has failed to prove the underlying Labor Code violations and/or that are not recoverable as a matter of law.** *See* Acosta's Consolidated Opposition/Opening Brief, Section VII.<br><br>**Improper attempt to recover meal and rest break premiums pursuant to Cal. Lab. Code § 558, because such premiums are akin to liquidated damages and do not constitute "wages."** *See, e.g.,* Consolidated Opposition/Opening Brief at Section VII.D.<br><br>**Improper mischaracterization.** | |

DATED: January 3, 2019      **McGuireWoods LLP**


By:  /s/ Sylvia J. Kim
　　　　　　Michael Mandel
　　　　　　Sylvia J. Kim
　　　　　　Sean Sullivan

　　　　Attorneys for Defendant ACOSTA, INC.

**DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MARCO A. PALAU [DKT. #91-1]**

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2019, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 10, 2019, at San Francisco, California.


_____
/s/ Sylvia J. Kim
Sylvia J. Kim

**DEFENDANT'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MARCO A. PALAU [DKT. #91-1]**